THE COUNTY OF SCHUYLER, plaintiff in error, *v.* THE COUNTY OF MERCER, defendant in error.

*Error to Mercer.*

All actions, whether local or transitory, against a county, must be commenced and prosecuted to final judgment and execution in the Circuit Court of the county against which the action is brought; and all actions, local or transitory, wherein a county is plaintiff, must be commenced and prosecuted to final judgment in the county in which the defendant therein resides.

At Common Law, counties have no right to sue, nor can they be sued. Their right depends on statutory enactment, and where they sue, or are sued, the provisions of the statute must be complied with.

The word "may" means "must" or "shall," in cases where the public interest and rights are concerned, and where the public or third persons have a claim, *de jure,* that the power should be exercised.

A law, which, in general terms, speaks of plaintiffs and defendants, applies to persons only, and States, counties, and municipal corporations are not affected by its provisions, unless expressly named and brought within them.

DEBT, in the Mercer Circuit Court, brought by the defendant in error against the plaintiff in error. The defendant was defaulted at the May term 1845, and a writ of inquiry of damages awarded. At the September term 1845, the Hon. Thomas C. Browne presiding, the jury returned a verdict in favor of the plaintiff for the sum of $112·89, and the Court rendered a judgment accordingly.

*R. S. Blackwell,* for the plaintiff in error.

The Court below had no jurisdiction.

1. Because there is no averment in the declaration, that the cause of action accrued, or was specifically made payable in the county of Mercer, where the plaintiff resided, and where this suit was instituted. Rev. Stat. 413, §2; *Clark* v. *Harkness,* 1 Scam. 56; *Key* v. *Collins,* ib. 403; *Wakefield* v. *Goudy,* 3 do. 133; *Brown* v. *Bodwell,* 4 do. 302; *Clark* v. *Clark,* 1 Gilm. 33.

2. Because by statute it is provided that "all actions, local or transitory, against any county, *may* be commenced, &c.

in the Circuit Court of the county against which the action is brought," &c. Laws of 1827, 109, §6; R. L. 140, §6; Rev. Stat. 132, §18.

This statute, we insist, is *compulsory* and not permissive. All actions against counties *must* be commenced, &c. in the Circuit Court of the county against which the action is brought. In statutes of a public nature and relating to public rights and duties, the word *may* means *shall.* Cro. Jac. 134; Cro. Eliz. 655; *King* v. *Barlow,* 2 Salk. 609; *Malcom* v. *Rogers,* 5 Cowen, 188; *Miner* v. *Mec. Bank, &c.,* 1 Peters, 46.

3. The declaration is insufficient. *Salem* v. *Andover,* 3 Mass., 436; *Bath* v. *Freeport,* 5 do. 326–7; Laws of 1841, 190–1.

4. The verdict and judgment are erroneous for not distinguishing between the debt and damages. *Wilmans* v. *Bank of Illinois,* 1 Gilm. 671; *Mager* v. *Hutchinson,* 2 do. 270.

5. The Court had no power to award an execution against the county of Schuyler, the only way of enforcing a judgment against a county being by *mandamus,* or attachment. Rev. Stat. 133, §20.

*A. Williams,* for the defendant in error.

It is insisted by the counsel for the plaintiff, that the Court below had not jurisdiction of the parties, because it is not averred that the cause of action accrued in the county of the plaintiff below. It is stated that the pauper became chargeable as such in the county of Mercer, to that county; that the County Commissioners of Mercer county notified the County Commissioners of the county of Schuyler, of that fact, and requested them to remove said pauper; that they neglected to do so; that thirty days next preceding said pauper so becoming chargeable to the county of Mercer, she was a resident of the county of Schuyler. From this it appears conclusively, that the cause of action did accrue in the county of Mercer, but it is insisted that the formal averment should have been made that the cause of action accrued

in the county of Mercer, and that the county of Mercer resided in the .county of Mercer. This is required by no principle of reason, or rule of positive or technical law.

But it is said that the county of Schuyler could only be sued in that county, and this is founded upon the notion that the provision that counties *may* be sued in the Circuit Court of the county sued, means, *ex vi termini*, "*shall* be sued there, and not elsewhere." The word "may" when used in statutes should be construed as permissive, or imperative, according to the intention of the legislature, in each case where it is so used. In its grammatical construction, it is permissive, and not imperative, and there is nothing to show that in this case it was intended to be imperative. It is not the provision by which counties are subjected to suit. Counties are subjected to suit by other provisions in as general and extensive terms as individuals, Courts being established and clothed with jurisdiction to try cases between counties as well as individuals.

The Practice Act is enacted for the guidance of the Court in the exercise of its jurisdiction. It is provided in this Act, in terms that include counties as well as individuals, that when the cause of action accrues in the county of the plaintiff, suit may be commenced in that county. There is nothing in the words, or spirit of this provision to exclude from its operation cases in which counties are parties.

The Opinion of the Court was delivered by

PURPLE, J.* On the 21st day of October, A. D. 1843, the defendant sued the plaintiff in an action of *debt* in the Circuit Court of Mercer county to recover a sum of money, which, as the declaration alleges, the defendant had expended in maintaining a pauper, who, at the commencement of thirty days immediately preceding the time she became chargeable as a pauper to the county of Mercer, was a resident of the county of Schuyler; which last mentioned county thereby became liable, upon notice having been given to remove said pauper, for such maintenance.

---

\* WILSON, C. J. and Justices KOERNER and DENNING did not sit in this case.

No appearance was entered by the plaintiff; a judgment by default was rendered; a writ of inquiry of damages awarded, which was executed in vacation; returned, and judgment entered against the county of Schuyler upon the verdict of ,the Jury of inquest for $112·89 and costs.

The plaintiff seeks to reverse this judgment.

Only one point made in the case, (being decisive of the question,) will be noticed.

The Circuit Court of Mercer county, (the process having been issued to, and served in the county of Schuyler,) had no jurisdiction of the case. This will be manifest from an examination of the Act of the General Assembly, entitled, "*An Act to incorporate counties,*" approved January 3d, 1827. Rev. Laws, 1833, 139.

The first section makes all counties then existing, or thereafter to be established, bodies corporate and politic, and authorizes them to sue, and renders them liable to be sued in their respective county names.

The sixth section provides, that "all actions, local or transitory against any county *may* be commenced and prosecuted to final judgment and execution in the Circuit Court of the county against which the action is brought. Any action local or transitory in which any county shall be plaintiff *may* be commenced and prosecuted to final judgment in the county in which the defendant in such action resides."

Independent of some special statute, counties have no common law right to sue, nor are they liable to be sued. This statute confers this right, and imposes such liability. The same Act prescribes the method of the service of process, and establishes the forum of trial, both in cases where the county is plaintiff and defendant.

It is evident that unless some other statute has prescribed a different rule, counties can only bring their suits in the Courts, and in the manner allowed by this Act. The word "*may,*" as used in the sixth section, means *shall.* When a county sues, the term applies in an imperative, and not in a permissive sense. Such was the manifest intention of the Legislature.

The rule is, that "the word *may* means *must* or *shall* only, in cases where the public interest and rights are concerned, and when the public, or third persons have a claim, *de jure*, that the power should be exercised." *Malcom* v. *Rogers*, 5 Cowen, 188. Thus, where a statute says that a sheriff *may* take bail, it has been construed to mean that he *shall* do so. And where it is provided that a plaintiff *may* assign breaches in his declaration, he *must* so assign them or fail in his action; because of the right *de jure*, of the defendant, that they should be so assigned. Such is understood to be the rule, and the illustrations given are deemed sufficient to show its practical operation.

The Act of Dec. 30th, 1828, entitled, *"An Act to amend an Act concerning Courts of law,"* approved January 29th, 1827, (Rev. Laws, 1833, 145,) authorizing process in certain cases to issue against defendants residing in foreign counties, and which Act, by the Revised Statutes of 1845, is incorporated into the general Practice Act, has not, at least so far as this case is concerned, any bearing upon the question. Ordinarily a law, which, in general terms, speaks of plaintiffs and defendants, applies to persons only; and States, counties and municipal corporations are not affected by its provisions, unless expressly named and brought within them.

The judgment of the Circuit Court of Mercer county is reversed.

*Judgment reversed.*