## THE COUNTY OF ROCK ISLAND
*v.*
## JOSEPH STEELE.

## SAME
*v.*
## THE STATE BANK.

1. COUNTIES—*in what manner to be sued, and by what authority.* A county has not the capacity to be sued except it is conferred by special statute ; and when that capacity is so conferred, the mode pointed out by the statute must be strictly pursued.

2. Counties which have adopted township organization, can be sued only in the name of the board of supervisors.

3. MISNOMER—*need not be pleaded.* If such county is sued by any other. name than that of the board of supervisors, it is error, and there is no necessity for a plea of misnomer, as in ordinary cases.

4. JUDICIAL NOTICE. The Supreme Court will take judicial notice of the fact that a county has adopted township organization.

APPEALS from the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

These were actions of debt instituted by the appellees, respectively, against the appellant, by the name and style of "The county of Rock Island," that county having previously adopted township organization.

The suits were commenced in the Circuit Court of Rock Island county, and removed, upon change of venue, into the Circuit Court of Henry county, in which such proceedings were had that judgments were rendered against the county.

From those judgments the county took these appeals. The only question presented is, whether the county was sued in the proper name.

Mr. J. B. HAWLEY, for the appellant.

Mr. CHARLES M. OSBORN, for the appellee.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

We shall notice but one of the several questions raised in these causes, for that we meet at the very threshold, and it is decisive of them, and hence, necessarily, supercedes all others.

The actions are brought against "The County of Rock Island," while the statute, in express terms, requires that they should be brought against "The Board of Supervisors of the County of Rock Island." We have often decided that we must take judicial notice of the adoption of township organization by any county in the State; and so we know that Rock Island county has adopted that law. The first section of the thirteenth article of the township organization law of 1861, confers upon the counties thus organized, the capacity "to sue and be sued in the manner prescribed by law," and this manner is prescribed in the third section of the same article, as follows: "All acts and proceedings by and against a county in its corporate capacity shall be in the name of the board of supervisors of such county."

In *Schuyler Co.* v. *Mercer Co.*, 4 Gilm. 20, we stated, what is familiar to all, that a county has not the capacity to be sued except it is conferred by special statute, and when that capacity is so conferred, the mode pointed out by the statute must be strictly pursued. And this seems specially enjoined in this statute. It confers the capacity "to sue and be sued in the manner prescribed by law;" clearly limiting that capacity to the manner thus prescribed. In any other mode, the capacity is wanting; as much as if there were no law authorizing the county to be sued. In no other mode could the county be brought before the court. In no other name was any one authorized to appear for the county. Hence, there was no necessity for a plea of misnomer as in ordinary cases.

The whole proceeding was unauthorized by law. The judgment must be reversed.

*Judgment reversed.*