## The County of Clay, Appellant, v. G. W. Curtright, Appellee.

Heard in this court at the October term, 1928. Opinion filed February 1, 1929.

CLARENCE SMITH, State's Attorney, for appellant.

H. D. McCOLLUM, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee served The County of Clay as a special deputy sheriff from July 29 to September 17, 1922, at Flora, Illinois, during the railroad strike. His claim

was not paid and on August 2, 1927, he sued Clay County and recovered a judgment by default for $150. The summons was served upon The County of Clay by leaving a copy thereof with the clerk of the county board as provided by section 9 of the Practice Act, Cahill's St. ch. 110, ¶ 9. The judgment was rendered September 13, 1927, and payment was refused.

Before the next term of court, counsel for appellee discovered that the suit should have been brought against The County of Clay instead of Clay County. He served notice upon the State's attorney that he would ask the court, at its next term, for leave to amend the declaration, summons, etc., and move the court to amend the judgment so as to have it run against The County of Clay instead of Clay County. At the next term of court the motions were allowed and the amendments were made. Appellant does not question the right of appellee to recover, but insists that the court was without jurisdiction to amend the judgment, etc., at a subsequent term.

At common law a county could neither sue nor be sued. It is only by virtue of statutory or constitutional authority that an action may be maintained either by or against it. A suit by or against a county must be in its corporate name, that is, the name prescribed in the statute or constitution by which it may sue or be sued. 11 Cyc. Pl. & Prac. 607; 15 C. J. 665; *County of Rock Island v. Steele,* 31 Ill. 543; *County of Schuyler v. County of Mercer,* 9 Ill. 20; *Board of Com'rs of Phillips County v. Churning* (Colo. App.), 35 Pac. 918; *Muskogee County v. Lanning & McRoberts,* 51 Okla. 343, 151 Pac. 1054; *Arnett v. Decatur,* 75 Ga. 782.

In *County of Rock Island v. Steele,* 31 Ill. 543, the county was not sued in its corporate name and the court held that the proceedings were unauthorized by law; that a county has not the capacity to be sued except it is conferred by special statute; that when that

capacity is so conferred, the mode pointed out by the statute must be strictly pursued; that if sued by any other than its corporate name as fixed by the statute the proceedings are unauthorized and there is no necessity for a plea of misnomer, as in ordinary cases.

Where a county was not sued by its corporate name, the judgment was reversed without remanding. *County of Rock Island v. Steele, supra.* In a similar case the judgment was held to be a nullity. *Board of Com'rs of Phillips County v. Churning, supra.*

It necessarily follows that the original judgment in the case at bar was not in any way binding upon The County of Clay. We are of the opinion that the court at a subsequent term had no power or authority to breathe into that judgment the breath of life. The amendment was not as to a matter of form, but if allowed to stand it would have the effect of making a valid judgment out of one that had no binding force or effect against The County of Clay. At the time the amendment was made the statute of limitations had run against appellee.

Our first impression was that it was simply a case of misnomer and that the action of the court could be sustained. In view of the authorities above cited, however, we are of the opinion that the judgment must be reversed. The same question is involved in Term No. 10, *The County of Clay v. Jackson,* and in Term No. 11, *The County of Clay v. Landreth,* and the judgment in each of the three cases is reversed.

*Reversed.*