(No. 19307.—

THE COUNTY OF WINNEBAGO, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DAVID L. DOTZ, Plaintiff in Error.)

*Opinion filed October 19, 1929.*

FRANK E. MAYNARD, for plaintiff in error.

WILLIAM D. KNIGHT, State's Attorney, and A. B. LOUISON, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, David L. Dotz, was employed by the county of Winnebago, defendant in error, on August 1, 1926, as a special investigator "to run down evidence against bootleggers" in that county to aid the State's attorney of defendant in error in the prosecution of violations of the criminal law relating to intoxicating liquors. Plaintiff in error worked at his employment from eight to twelve hours a day, at fifty cents per hour. On September 22, 1926,

while so employed and while riding in a Ford coupe on a street in the city of Rockford, in said county, a large sedan was driven in front of his Ford coupe, which barred his further progress, and immediately after he was thus confronted and stopped some unknown occupant of the sedan car shot directly at him with a shot-gun. The leaden pellets fired from the gun hit the Ford coupe, shattered the windows and greatly damaged the body of his car. Particles of glass or leaden pellets struck plaintiff in error, and one particle penetrating his right eye caused the permanent loss of sight of that eye. The sedan car from which the shots were fired was then immediately driven away. Plaintiff in error at the time he was injured was married and had one child under the age of sixteen years. On December 6, 1926, he filed with the Industrial Commission an application against the board of supervisors of Winnebago county for compensation under the Workmen's Compensation act on account of the accidental injury aforesaid. A hearing was had before an arbitrator, at which the State's attorney of Winnebago county appeared for the respondent, against which the petition for compensation was filed, and resisted the entering of any award. The arbitrator entered an award in favor of plaintiff in error and against the board of supervisors of Winnebago county for $15 per week for 17 weeks for temporary total incapacity for work and $15 per week for the further period of 110 weeks for the total and permanent loss of the sight of plaintiff in error's right eye. The board of supervisors, by the State's attorney of the county of Winnebago, filed with the Industrial Commission a petition for review of the decision of the arbitrator. At the hearing on review before the commission the State's attorney moved to dismiss the application for compensation on the ground that there is no body politic known as the board of supervisors of Winnebago county, Illinois. The Industrial Commission found that at the time of the accidental injury to plaintiff in er-

ror he was an employee of the county of Winnebago, and that the award of compensation should be against the defendant in error, the county of Winnebago. It then ordered that defendant in error pay plaintiff in error $138 for medical, surgical and hospital services, $15 a week for 17 weeks for temporary total incapacity for work, and $15 a week for the further period of 110 weeks as compensation for loss of the sight of his right eye, and allowed defendant in error credit for $379 already paid by it to plaintiff in error. On *certiorari* proceedings the circuit court of said county set aside the award of the Industrial Commission. The application or petition for compensation was at no time amended or asked to be amended by plaintiff in error, either before the Industrial Commission or in the circuit court, and the county of Winnebago is not named in that petition as the party or as a party against which compensation is prayed. This writ of error has been allowed by this court to review the record.

It is contended by defendant in error that as this proceeding before the Industrial Commission was against the board of supervisors of Winnebago county and not against the county of Winnebago, the commission was without jurisdiction to enter an award against the county of Winnebago. This contention is decisive of the case, and it will therefore be the only one that we shall consider.

Plaintiff in error concedes that the county of Winnebago should have been the respondent in the proceeding before the arbitrator and before the Industrial Commission, but contends that his naming the board of supervisors of Winnebago county as the respondent amounts merely to a misnomer; that the State's attorney defended on behalf of the county, and that therefore the award of the Industrial Commission should be sustained. This proposition cannot be sustained either as one of fact or as stating a correct proposition of law. The State's attorney did not appear for the county either before the arbitrator or before the

commission, and only appeared for the county in the circuit court after the unauthorized award had been entered against the county of Winnebago by the Industrial Commission. The general rule of law is, that where the real party in interest and the one intended to be sued is actually served with process, even under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit, and if he does not do so he will be concluded by the judgment or decree rendered, the same as if he were described by his true name. (*Pond* v. *Ennis,* 69 Ill. 341; *Pennsylvania Co.* v. *Sloan,* 125 id. 72; *Proctor* v. *Wells Bros. Co.* 262 id. 77.) This rule of law is not at all applicable to this case. The county of Winnebago was not at any time made a party to this proceeding, and it was not served or given notice of this proceeding until after the award made by the Industrial Commission.

At common law a county has no right to sue, and it cannot be sued in any name or capacity unless such suit is authorized by statute, and when the statute makes such authorization the statute must be strictly pursued to give a court jurisdiction of such suit, both as to the method of the service of process and as to the forum established for the trial. (*Schuyler County* v. *Mercer County,* 4 Gilm. 20; *County of Rock Island* v. *Steele,* 31 Ill. 543.) In the latter case cited an action of debt was instituted against the county of Rock Island. That county had previously adopted township organization, and in the Township Organization act of 1861 (Laws of 1861, pp. 216-235,) then in force there was an express provision that all proceedings against a county having adopted township organization should be in the name of the board of supervisors of such county. In that case it was held that the judgment entered against the county of Rock Island in the circuit court was unauthorized, and that a county has not the capacity to be sued except as such capacity is conferred by statute, and when that capacity is conferred the mode pointed out by the statute

must be strictly pursued. This court said in that case: "In any other mode the capacity is wanting—as much as if there were no law authorizing the county to be sued. In no other mode could the county be brought before the court. In no other name was anyone authorized to appear for the county. Hence there was no necessity for a plea of misnomer as in ordinary cases."

In the general revision of the statutes after the adoption of the constitution of 1870, the provision of the Township Organization act of 1861 that counties having adopted such organization should be proceeded against in the name of the board of supervisors was omitted from the act (Rev. Stat. 1874, p. 1065,) and the Township Organization act of February 20, 1861, was expressly repealed. (Ibid. pp. 1012, 1029, par. 459.) Since that revision of the statutes the provision of section 22 of the Counties act that each county of the State "shall be a body politic and corporate, by the name and style of 'The County of . . . . . . . . . . . . ,' and by that name may sue and be sued, plead and may be impleaded, defend and be defended against in any court of record having jurisdiction of the subject matter, either in law or equity or other place where justice shall be administered," applies alike to counties under, and those not under, township organization.

Since the defendant in error was not made party respondent to the proceedings before the Industrial Commission by the name prescribed by the statute the Industrial Commission was without jurisdiction to enter an award against it, and the circuit court did not err in setting aside the award entered. (*Schuyler County* v. *Mercer County, supra; County of Rock Island* v. *Steele, supra.*) The allegations in a petition for compensation before the Industrial Commission must be consistent and in harmony with the order and findings of the commission in making the award. The petition fails to show such consistency and harmony when it names one party as employer of the peti-

tioner and the order of the commission makes the award against another and entirely different party. No award can be made by the commission against any party that is not named as a party in the petition before it. *Garden City Foundry Co.* v. *Industrial Com.* 307 Ill. 76.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*