H. DOWNER JOHNSON, JR. v. TOWN OF NORWICH, ET AL.

SUPERIOR COURT        NEW LONDON COUNTY        FILE NO. 16933

Memorandum filed July 10, 1946.

*Brown & James*, of Norwich, for the Plaintiff.

*Josiah Greenstein*, of Norwich, for the Defendant.

INGLIS, J. This is a taxpayer's suit brought to enjoin the defendant town and its selectmen from continuing the work of grading, leveling and improving land owned by certain private individuals. The gist of the demurrer is that it is not alleged that the work in question was to be done without authority or that the assets of the town were thereby being wasted or that the plaintiff would be injured thereby.

It is, of course, well settled that towns, like other municipalities, can exercise no powers except such as have been expressly granted to them or by fair implication conferred upon them

by the state. *Crofut v. Danbury,* 65 Conn. 294, 300; *Pratt* v. *Litchfield,* 62 Conn. 112, 118; *Turney* v. *Bridgeport,* 55 Conn. 412, 414. In particular, a town, without a special grant of the power, has no right to embark upon a business enterprise which is essentially private in nature unless that enterprise is merely incidental to the performance of some of its authorized functions. *Dailey* v. *New Haven,* 60 Conn. 314, 319; *White* v. *Stamford,* 37 Conn. 578, 586.

The allegation of the complaint in this case is that the defendants are in process of using the town employees and machinery "in grading, leveling and improving a tract of land . . . belonging to Samuel and Laura Chinigo, and in which said Town has no interest; and said men have been and will be paid for said work from the funds of said Town." It is, of course, possible that this work may be something which is incidental to the performance of some function which the Town is empowered to perform. The allegation, however, that the town has no interest in the land in question is enough, prima facie at least, to state a case that such is not so but that the work is something which is ultra vires. It is, in essence, an allegation that the selectmen are using town funds for purposes in which the town has no interest. If the facts alleged were proved, and nothing more were proved, it would follow as a matter of law that the town was not authorized to do the work.

Likewise, from the conclusion that the work was outside of powers of the town to do, it follows both that the assets of the town would be wasted and dissipated thereby and also that the rights of the plaintiff as a taxpayer would be prejudiced.

For the foregoing reasons the demurrer is overruled.