JAMES YAWORSKI ET AL. *v.* TOWN OF
CANTERBURY ET AL.

SUPERIOR COURT     WINDHAM COUNTY     FILE No. 11074

Memorandum filed May 21, 1959

*Silverberg & Silverberg,* of Norwich, for the plaintiffs.

*T. Emmet Clarie* and *Basil T. Tsakonas,* both of Danielson, for the defendants.

TROLAND, J.   This is an action for a declaratory judgment as to the validity of an ordinance of the town of Canterbury.

On March 17, 1958, at a town meeting in Canterbury, the following ordinance was adopted: "Ordinance prohibiting transportation of garbage, offal, rubbish, or waste material into the town of Canterbury, and providing a penalty therefore.   Ordained:

No persons shall transport garbage, offal, rubbish or waste material into the Town of Canterbury from any other town for the purpose of disposal in the town of Canterbury. The violation of this ordinance shall be deemed a misdemeanor and shall be punishable by a fine not exceeding $25. for each offense."

The plaintiffs are owners of a tract of land of about forty-two acres in the town of Canterbury. Said land is in a rural, sparsely populated section of said town and is subject to no zoning restrictions. Since May 4, 1950, plaintiffs have used a portion of said land in the dumping business, having valuable contracts with corporations in Plainfield, Connecticut, Jewett City, Connecticut, and Gilman, Connecticut, for the disposal of mill waste, and with one Charles Pike, who has a contract for the collection of garbage in the borough of Jewett City, for the disposal of that garbage. The dumping site used by the plaintiffs is in a natural ravine on their land, about three-tenths of a mile from the highway leading from Packer to Jewett City, and is not visible from said road and is not visible from any home in the vicinity. In the operation of their dumping area, garbage is disposed of daily by the "sanitary land fill method" in full compliance with the standards of the state of Connecticut department of health and under the supervision of the director of health of the town of Canterbury. Garbage is transported to said dumping area in closed trucks. No garbage is burned. Combustible chemical waste is burned by the method prescribed by the health officer. Plaintiffs have invested large sums of money in equipment and supplies for the development and operation of their business. If the above ordinance is valid, the plaintiffs are subject to prosecution under it. Under the facts set out above, the plaintiffs are proper parties to the action. *Gionfriddo* v. *Windsor,* 137 Conn. 701, 703. The question here is, has the

town of Canterbury the power to pass the ordinance?

Plaintiffs claim the ordinance is void as beyond any power vested in or conferred on the town and that it is in conflict with § 1 of Public Act No. 354 of the 1957 Public Acts of Connecticut (Rev. 1958, § 7-148), which provides, in part: "Any city or borough, and any town other than a town which shall have within its limits an incorporated city or borough . . . shall in addition to such rights and powers as it shall have under the provisions of the statutes or by any special act, have the power to make ordinances for the following purposes, . . .: . . . *to regulate the disposal of garbage, rubbish, or waste material; . . .*" (italics supplied). Defendants claim the ordinance is valid as an exercise of power conferred by § 623 of the 1949 Revision (Rev. 1958, § 7-154), which reads: "Any town may make ordinances concerning matters not regulated by statute, which ordinances may provide for the imposition of a fine not exceeding twenty-five dollars for any violation thereof." It is well settled that towns, like other municipalities, can exercise no powers except such as have been expressly granted to them or by fair implication conferred upon them by the state. *Crofut* v. *Danbury,* 65 Conn. 294, 300; *Johnson* v. *Norwich,* 14 Conn. Sup. 202 *(Inglis, J.).*

There is no method of disposing of garbage and refuse matter as found in cities and dense populations which is universally followed. Different methods have been employed to dispose of the same in order to solve the problem. The Supreme Court of the United States has noted that while there has been a well-nigh unanimous demand on the part of health officers, and oftentimes of the public generally, for the municipal collection of garbage, " 'the problem of garbage disposal has not been solved.' " *California Reduction Co.* v. *Sanitary Reduction*

*Works,* 199 U.S. 306, 320. The state is charged with the duty of safeguarding the health of its people. The exercise of police powers by towns and cities proceeds under legislative sanction for the protection of the public health and comfort to enact regulations that are reasonable, necessary and appropriate. Unquestionably, a state may delegate to a municipal corporation authority and discretion to determine under what conditions health and sanitary regulations shall become operative. Ordinances relating to garbage collection and disposal must be reasonable and not arbitrary or oppressive. 7 McQuillin, Municipal Corporations (3d Ed.) § 24.245.

The record in this case does not reveal the grounds or reasons upon which the town of Canterbury acted in adopting the ordinance in question. The court may, however, well take judicial notice that garbage unless disposed of properly may become a nuisance affecting the public health. An examination of the statutes leads to the conclusion that the power of towns, with respect to the subject matter of the ordinance under review, is to regulate the same. "Regulate" and "prohibit" are not synonymous terms, but have different meanings. To regulate a business implies that the business may be engaged in or carried on subject to established rules or methods, while to prohibit is to prevent the business from being engaged in or carried on entirely or partially. *Matter of Hauck,* 70 Mich. 396. The word "regulate" implies arranging in proper order and controlling a thing or condition which already exists. *Jeschor* v. *Guilford,* 143 Conn. 152, 159. The power to regulate does not include the power to prohibit or suppress. 62 C.J.S. 619, § 265. That there is a distinction between "prohibit" and "regulate" has been recognized by the General Assembly in its use of the words in § 7-153 of the 1958 Revision, wherein it is provided that "[a]ny town,

city or borough may, by ordinance, *prohibit* or *regulate* the construction of dwellings . . . unless the sewerage facilities have been approved by the authorized officials of such town, city or borough."

It seems clear that the ordinance enacted by the town of Canterbury is not regulatory in nature and is not in the exercise of any power or authority conferred upon the town directly or by fair implication. The ordinance is a prohibition of an activity in a field in which the General Assembly has seen fit to exercise its own power of regulation by the enactment of a general law affecting all the towns and cities of the state in connection with the transportation of garbage to another town for treatment, or through any town for disposal outside the state. Rev. 1958, §§ 7-161, 7-162. The above statutes reflect the consideration by our General Assembly of the problem of disposal of garbage and other wastes that accumulate in the heavily populated and industrial areas and its provision for such disposal by transport to other towns and for treatment therein by any sanitary process. A procedure is provided for establishment of such a disposal system, a permit is required after application therefor and a public hearing thereon. The method of transportation and the operation of the disposal plant is provided for, and appeal may be taken by aggrieved persons to the commissioner of health as provided in § 19-103 of the 1958 Revision. By these statutes, the legislature has limited the powers of all towns to regulate the subject matter. The Canterbury ordinance is thus in conflict with the general law of this state. *Southport* v. *Ogden,* 23 Conn. 128, 132.

The court is mindful that every intendment is to be made in favor of the lawfulness of the exercise of municipal power in making regulations to promote the public health and safety and that it is not

352

the province of the court, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the community. The ordinance enacted by the town of Canterbury is, however, too broad; it is in excess of the powers granted to the town and is void. *Gionfriddo* v. *Windsor,* 137 Conn. 701, 706.

Judgment may enter in accordance herewith, and making permanent the temporary injunction against the enforcement of said ordinance, heretofore granted, and without costs to any party.