108 N.J. Super. 239 (1970)
260 A.2d 859
THE PUBLIC HEALTH COUNCIL OF THE NEW JERSEY STATE DEPARTMENT OF HEALTH, PLAINTIFF-RESPONDENT,
v.
FRANKLIN TOWNSHIP BOARD OF HEALTH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1969.
Decided January 15, 1970.
*240 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Americo Antonelli argued the cause for appellant.
Mr. Samuel D. Bornstein, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, Of Counsel).
PER CURIAM.
Defendant Board of Health of Franklin Township appeals from an order of the Public Health Council of the New Jersey Department of Health (hereinafter *241 State Council) annulling certain provisions of Ordinance No. 0-1-69 B.H., passed by defendant on February 10, 1969.
The pertinent portions of the ordinance follow:
1. * * * no person, firm or corporation will be permitted to establish, maintain or continue a sanitary landfill or dumping place within the Township of Franklin.

* * * * * * * *
3. No refuse, garbage, rubbish, ashes, trash, waste or other materials commonly described as refuse, originating outside of the corporate limits of the Township of Franklin shall be deposited in the Municipal landfill or dump or on any real property within the corporate limits of the Township of Franklin by any person, firm or corporation.
Following passage, defendant in compliance with N.J.S.A. 26:1A-12 filed a copy of the ordinance with the State Commissioner of Health. Thereafter, the State Council, pursuant to N.J.S.A. 26:1A-12, held a hearing, due notice thereof having first been given to defendant, and determined that section 3 of the ordinance, as above quoted, concerned a matter which affected the health of territory beyond the jurisdiction of defendant. It thereupon entered an order annulling said section.
N.J.S.A. 26:1A-12 in pertinent part provides:
The Public Health Council may modify or annul any order, regulation, by-law or ordinance of any local board of health if, after giving reasonable notice and affording an opportunity to be heard to the members of such local board, the council shall determine that such order, regulation, by-law or ordinance concerns a matter which affects the public health beyond the territory over which such local board has jurisdiction. (Emphasis added)
Generally, a municipality or its local board of health may legally prohibit the dumping within its borders of garbage originating outside thereof. Shaw v. Byram Tp., 86 N.J. Super. 598 (App. Div. 1965). See also Edgeboro v. East Brunswick Tp., 31 N.J. Super, 238, 245, 246 (Ch. Div. 1954); Earruso v. Board of Health, E. Hanover Twp., 120 N.J.L. 463, 468 (Sup. Ct. 1938). An ordinance containing such a prohibition is not in conflict with chapter VIII of the *242 State Sanitary Code (N.J.S.A. 26:1A-7 et seq.) which deals with "Refuse Disposal." Shaw v. Byram Tp., supra, at 604.
As we interpret N.J.S.A. 26:1A-12, it does not abolish this right of a municipality to prohibit the dumping therein of garbage originating outside thereof. Rather, it gives the State Council the limited authority to modify or annul an ordinance of a local board of health which attempts to accomplish this purpose only in the instance where such an ordinance "affects the public health" beyond the territory over which such local board has jurisdiction. It is to be noted that the statute is not applicable to an ordinance passed by the governing body of the municipality.
In the instant case, a municipal landfill was established in Franklin Township in June 1964. A private landfill, operated by Spencer (Gus) Hodson and his wife, has also been in operation in the township for a number of years. The latter has served the solid waste disposal needs of the Township's neighbors  the Boroughs of Magnolia, Woodstown and Newfield and the Township of Washington. Section 3 of the ordinance herein involved would prohibit the dumping of refuse from these municipalities in the municipal or private landfill located in Franklin Township.
At the hearing no representative of any of these four communities testified. Rather, the State Council relied upon a survey conducted by the State Department of Health. The following findings were made as to each:
The Borough of Magnolia in size consists of .99 square miles. There is no municipally held property other than an 11-acre commercially zoned tract. This piece of property is in the process of being sold for private enterprise. If the 11 acres were to be utilized as a municipally operated landfill site, the projected life span for the population to be served would be approximately 10 years. There are no landfilling or incinerator operations conducted in this Borough and none have been planned due to the lack of available land.
The Borough of Woodstown, Salem County, consists of 1.49 square miles. There are no landfilling or incinerator operations conducted in this community.
The Borough of Newfield, Gloucester County, consists of 1.7 square miles. There is one privately operated small landfill. It was started in *243 1964 with a projected life span of 9 years (1973). It consists of 3 acres, one of which is used for disposal purposes.
The Township of Washington consists of 22 square miles. There are no landfill or incinerator operations conducted in this community.
Thereupon, the State Council stated that:
It is axiomatic that public health of a municipality is immediately affected when that municipality, having no landfill operation of its own or land available for such, is prevented from disposing of solid wastes of its residents by a municipality which previously received the same. A corollary to this principle is the fact that garbage and other solid wastes which accumulate in a municipality because of lack of disposal facilities constitute an immediate threat to the health of the residents of adjoining municipalities.
Based upon these findings the State Council then concluded that section 3 of defendant's Ordinance No. 0-1-69 B.H. "adversely affects public health beyond the jurisdiction of Franklin Township" and it accordingly annulled that section of the ordinance.
Although we agree with the statement contained in the above-noted "corollary," we are unable to conclude, upon the limited facts before us, that if these four municipalities are prevented from dumping their garbage and solid waste in Franklin Township that the garbage and waste of each will accumulate and constitute an immediate threat to the public health of the residents thereof. There are other material facts with regard to each of them that must be explored before such a conclusion can be reached. Therefore, we deem it essential to remand this matter to the State Council for the taking of further testimony. At the remand hearing representatives of each of the four municipalities involved should be called, by subpoena or otherwise, to testify directly as to the situation in their respective communities, particularly as to the following:
1. Are there other landfills available and, if so, the distance thereto?
2. Are there any incinerator operations available and, if so, the distance thereto?
*244 3. What is the status of the 11-acre municipally-owned tract in Magnolia? Why should it not be used as a landfill in that borough for the next 10 years?
4. What is the status of the landfill operated in Newfield? Is it being presently used as a landfill and, if so, what is its projected life span?
5. Has any of these municipalities planned a landfill or an incinerator to dispose of their own garbage or solid waste? If not, why not?
6. What alternative plan of garbage and solid waste disposal would each employ if they could not deposit the same in the landfill in Franklin Township?
Defendant may cross-examine any such representative and may also offer rebuttal evidence pertinent to the issue herein involved. Following the presentation of evidence, the State Council shall make separate detailed findings of facts and conclusions as to Magnolia, Woodstown, Newfield and Washington, and it may, if necessary, amend or supplement its prior findings, conclusions and order.
Remanded to the State Council for a further hearing in accordance herewith. Jurisdiction retained.