(No. 43797.-

BOONE LANDFILL, INC., Appellee, v. BOONE COUNTY, Appellant.

*Opinion filed May 22, 1972.*

JOHN H. MAVILLE, State's Attorney, of Belvidere, for appellant.

PETER ALEXANDER and WELSH, HOLMSTROM,

HYZER, JACOBSON & WORDEN, both of Rockford, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Boone Landfill, Inc., brought this action in the circuit court of Boone County challenging the validity of a provision of the Boone County zoning ordinance which both parties interpret as prohibiting the deposit of any refuse originating outside of Boone County on any sanitary landfill located within Boone County. The plaintiff alleged that it is an Illinois corporation primarily engaged in the disposal and landfill business; that it operates a State-approved sanitary landfill in Boone County, and on this site it dumps refuse collected in both Boone and Winnebago counties; that there is pending in the circuit court of Boone County a criminal complaint against the plaintiff charging it with violation of the ordinance. The defendant's answer admitted all of the factual allegations of the complaint, and the plaintiff moved for a summary judgment on the ground there "is no genuine issue as to any material fact," and that the ordinance "is invalid on its face in accordance with the applicable law of the state of Illinois ***." The motion was allowed and the defendant has appealed directly to this court.

Before we reach the merits of the case it is necessary to dispose of the defendant's contention that the trial court lacked jurisdiction because the defendant was sued as "Boone County" instead of "The County of Boone." Section 22 of the 1874 Act in relation to counties provides: "Each county which has heretofore been, or may hereafter be established in this state, according to the laws thereof, shall be a body politic and corporate, by the name and style of 'The county of...........,' and by that name may sue and be sued, plead and may be impleaded, defend and be defended against in any court of record having

jurisdiction of the subject-matter, either in law or equity, or other place where justice shall be administered." Ill.Rev.Stat. 1969, ch. 34, par. 301.

In support of its jurisdictional argument the defendant relies upon this statutory provision and upon several cases that rigorously enforced it. *(County of Schuyler v. County of Mercer (1847), 4 Gilm. (9 Ill.) 20; County of Rock Island v. Steele (1863), 31 Ill. 543; County of Winnebago v. Industrial Com. (1929), 336 Ill. 466; County of Clay v. Curtright (4th Dist. 1929), 251 Ill.App. 371.)* The fundamental basis of these decisions is the proposition that at common law counties had no right to sue or to be sued. And when those rights were granted to counties—at least as early as 1827—it was held that the statutorily created right must be pursued in the precise manner in which it was granted. (See, *County of Schuyler v. County of Mercer (1847), 4 Gilm. (9 Ill.) 20.)* Statutes giving counties the right to sue and to be sued have existed for nearly 150 years and it is anachronistic to insist upon technical objections of the kind here raised which exalt form over substance and serve only to impede the disposition of litigated controversies on their merits. For these reasons, and because the decisions relied upon by the defendant are completely out of harmony with the realistic view expressed in our statutes (see, Ill.Rev.Stat. 1969, ch. 110, pars. 21, 46), they will no longer be adhered to.

The provision of the zoning ordinance of Boone County with which we are concerned is that section which lists among the special uses permitted in agricultural districts, the following: "r. Sanitary landfill for municipalities in Boone County only." Both parties and the circuit court agree that this provision is intended and is being enforced to forbid the deposit of refuse from areas outside of Boone County on the plaintiff's landfill. The plaintiff contends that the ordinance, so construed, is not related to any public health objectives, contravenes the

policy of the State as expressed by the General Assembly, and violates the due process clauses of the constitutions of Illinois and of the United States.

Before considering these contentions it is important to point out that the site here involved has been approved by the State Department of Public Health as a sanitary landfill. Such a landfill differs sharply, in the requirements it must meet, from the former open type of garbage dump which is now prohibited. (Ill.Rev.Stat. 1969, ch. 111½, pars. 461-3, 471-483; see, *Society of the Divine Word v. Cook County (1969), 107 Ill.App.2d 363.*) The Environmental Protection Act, in effect when the judgment of the trial court was entered, requires that refuse deposited in a sanitary landfill be covered "with a layer of earth at the conclusion of each day's operation, or at such more frequent intervals as may be necessary." P.A. 76-2429, sec. 3, Ill.Rev.Stat. 1971, ch. 111½, par. 1001.

The defendant does not contend that the ordinance is based upon any difference in quality, from the point of view of public health, between refuse which originates in Boone County and that which originates outside of Boone County. Rather, it argues that the validity of the ordinance should be sustained because it "is perhaps the only reasonable way to limit the quantity dumped, since the county has an obligation to see that the garbage of its residents, now and in the future, is properly disposed of."

In support of this position the defendant relies primarily on *Wiggins v. Town of Somers (1958), 4 N.Y.2d 215, 149 N.E.2d 869,* in which a closely divided New York Court of Appeals held that an ordinance which made it illegal to dump, within the town of Somers, garbage that originated outside the town, was not arbitrary and capricious. Judges Desmond, Fuld and Van Voorhis dissented. Similar results were reached in *Public Health Council v. Franklin Tp. Bd. of Health (1970), 108 N.J. Super. 239, 260 A.2d 859; Shaw v. Township of Byram*

(1965), 86 N.J. Super. 598, 207 A.2d 570, and *Edgeboro, Inc. v. East Brunswick Tp. (1954), 31 N.J. Super. 238, 106 A.2d 337.*

Other, and in our opinion more persuasive, decisions have held that such restrictions violate the constitutional rights of the affected land owners. *Lutz v. Armour (1959), 395 Pa. 576, 151 A.2d 108; Yaworski v. Town of Canterbury (1959), 21 Conn. Supp. 347, 154 A.2d 758; Ex parte Lyons (1938), 27 Cal.App.2d 182, 80 P.2d 745.*

The defendant's suggestion that the purpose of the provision of the zoning ordinance here involved was to establish a quantitative limitation upon the dumping of refuse cannot be accepted. In the ordinance there is no mention of the quantity of refuse to be deposited. The prohibition is based solely upon the geographical source of the refuse. The other objective advanced to support the validity of the ordinance, that the "county has a responsibility to provide for the garbage disposal needs of its residents," is also without merit. We have been referred to no statutory provision imposing such a responsibility upon a county, nor have we found any. Certainly no such responsibility is embraced within the authority of the county to enact a zoning ordinance, and the record does not suggest that the county has proceeded under any other authority.

If, as the county suggests, it "has an obligation which is unique to the residents of Boone County and which does not extend to the residents of municipalities outside Boone County," it may not constitutionally transfer the burden of meeting that obligation to a single land owner within the county. The General Assembly has provided a very different method by which future responsibilities may be met. Division 19 of article 11 of the Cities and Villages Act provides: "Any city, village or incorporated town may make contracts with any other city, village, or incorporated town or with any person, corporation, or county for more than one year and not exceeding 15 years relating to

the collection and final disposition \*\*\* of garbage, refuse and ashes." (Ill.Rev.Stat. 1969, ch. 24, pars. 11—19—1 *et seq.*, ch. 34, par. 418.) Division 19 contains detailed provisions for the joint exercise of the powers granted, and authorizes the acquisition of necessary disposal sites by purchase or by eminent domain. Ill.Rev.Stat. 1969, ch. 24, par. 11—19—10.

The judgment of the circuit court of Boone County is affirmed.

*Judgment affirmed.*