[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Samuel J. Heyman, appeals two decisions of the defendant, Planning and Zoning Board of Appeals of the Town of Darien (ZBA), denying two applications made by Heyman. The first application, dated April 27, 1994, sought an interpretation of the Darien Zoning Regulations §§ 381, 383 (concerning non-conforming uses) and 903.1 (concerning off-street parking) and, if necessary, variations of §§ 383c, 383d and 904 to allow the lease of 15,000 square feet to Nature's Kitchen store. The second application, dated June 29, 1994, sought a variance of §§ 383c, 383d 620 (concerning DB2 zone) and 904. The appeals were consolidated for purposes of briefing.
On April 27, 1994, Samuel J. Heyman filed an application with the ZBA seeking an interpretation of the Darien Zoning Regulations concerning non-conforming uses and off-street parking, and CT Page 4303 variations of the regulations if necessary. (Return of Record [ROR], Item 1: Application No. 25-1994). The plaintiff seeks to lease 15,000 square feet to Nature's Kitchen store, a retail food store. (ROR: Item 1). The store space is in a shopping mall at the intersection of the Boston Post Road and Old Kings Highway, situated in a DB-2 zone, designated as "Designed Business Two" zone. (ROR: Item 1; the Zoning Regulations of the Town of Darien). A public hearing was held on May 18, 1994. (ROR: Item GG, Transcript of public hearing). By resolution corrected on June 3, 1994, the board decided that the proposed conversion of the space to a food store was not a continuation of a non-conforming use, but a reestablishment of a nonconforming use since the previous tenant, a furniture store, had been a conforming use. (ROR: Item DD, Resolution for Calendar No. 25-1994). A variance under §§ 383c and 383d was denied "because Section 1123d does not permit the Board to grant a use variance except under very specific circumstances which are not satisfied in this instance." The board then concluded that the shopping center is not exempt from the parking requirements and the request for a parking variance was denied.
Heyman filed an application on June 29, 1994, for variations of §§ 383c, 383d 620 and 904 for the same space. (ROR: Item 2, Application No. 41-1994). A public hearing was held on July 20, 1994. (ROR: Item 21, Transcript of Public Hearing). The board reaffirmed its interpretation and decision regarding Calendar No. 25-1994. The board then held that "[i]f the provisions of Section 1123d are deemed by the Courts to be too restrictive or invalid, and assuming the Zoning Board of Appeals does have authority to grant a use variance to address a situation where strict application of the Regulations would result in complete or near complete confiscation of the property without just compensation, or otherwise, the Board does want to address the questions of the use and parking variance requests." The board then addressed the merits of the application and denied the use variance and the parking variance.
The plaintiff appeals the decisions of the ZBA, and asks the court to reverse the board's decision, and sustain his appeal of the denial of the use and parking variances. A motion to consolidate the two cases was filed on August 29, 1996, and granted by the court.
JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions CT Page 4304 of a zoning board of appeals to the superior court. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right.Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202
(1988). The statutory provisions are mandatory and jurisdictional in nature and failure to comply will result in dismissal of an appeal. Id., 377.
I. Aggrievement
Aggrievement must be proven in order to establish the court's jurisdiction over a zoning appeal. Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 739 n. 12,626 A.2d 705 (1993). An aggrieved person is a "person aggrieved by a decision of the board. . . ." General Statutes § 8-8(a)(1).
At the hearing held on January 12, 1996, the plaintiff established that he is aggrieved by the decision of the ZBA because he is the owner of the property in question. See Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 308,592 A.2d 953 (1991); Bossert Corporation v. City of Norwalk, 157 Conn. 279,253 A.2d 9 (1968).
II. Timeliness
Under General Statutes § 8-8(b) an appeal must be commenced within "fifteen days from the date that notice of the decision was published." On June 2, 1994, the denial of Application 25-1994 was published in the Darien Times. (ROR, Item FF.) On August 4, 1994, denial of Application 41-1994 was published in the Darien Times.
(ROR, Item 18.) Pursuant to General Statutes § 8-8(e), service was made on Marilyn Van Sciver, Town Clerk of Darien, and on Margaret Walker, Chairman of the ZBA on June 6, 1994, and August 17, 1994. Therefore, that the plaintiff's appeal was timely.
SCOPE OF JUDICIAL REVIEW
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." (Citations omitted; internal quotation marks omitted.) DeBeradinis v. Zoning Commission, 228 Conn. 187,198, 635 A.2d 1220 (1994). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, CT Page 4305 and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Double ILimited Partnership v. Planning Zoning Commission, supra,218 Conn. 72. "The burden of proof to demonstrate that the board acted improperly is on the plaintiffs." (Internal quotation marks omitted.) Adolphson v. Zoning Board of Appeals, 205 Conn. 703,707, 535 A.2d 799 (1988). "It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Internal quotation marks omitted.) Connecticut Resources Recovery Authority v. Planning Zoning Commission, 225 Conn. 731, 744, 626 A.2d 705 (1993).
The plaintiff appeals the decision of the ZBA on the grounds that the ZBA acted illegally, arbitrarily, and in abuse of its discretion in denying the application in the following regards: 1) Nature's Kitchen is permitted as the continuation of a non-conforming use; 2) the ZBA improperly decided it was not authorized to grant a variance; 3) the stated reasons for denying the variance are not supported by the evidence; and 4) the proceedings were tainted by conflict of interest and an appearance of predisposition and bias.
 I.
A. Caiti was a non-conforming use
The plaintiff first argues that the previous tenant, Caiti furniture was a non-conforming use, which followed the AP grocery store, likewise a non-conforming use. The defendants argue that Caiti was a conforming use, and therefore Nature's Kitchen would be reestablishing a non-conforming use, for which the plaintiff needs a variance.
Both parties agree that the shopping center was built in 1955-56. In 1957, the area was zoned service business, which rendered the center a non-conforming use. AP vacated the center in 1977 and Caiti furniture store moved into the space. In 1980, the zone was rezoned again to SB-2, its current designation. The Darien Zoning Regulations provide for a number of uses in SB-2 zones, including the pertinent provision, § 624a, which allows "[i]nternal retail sales uses limited specifically to bulky products or goods such as furniture, carpeting and similar items generally requiring convenient or direct access to the customer's motor vehicle." CT Page 4306
The plaintiff argues that Caiti furniture was essentially a furniture showroom in which customers looked at the furniture and then orders were shipped from a remote showroom, arguing that the store did not require access to the customer's motor vehicle. The defendants respond that a furniture store is an express use permitted by the regulations, that the board found that the plaintiff failed to show that no sales were made from the store, and even if the store was a showroom, it was being used the property in an incorrect manner without the knowledge and approval of the zoning board. Furthermore, this was a factual determination which should not be disturbed by the court.
"The question of whether a particular statute or regulation applies to a given set of facts is a question of statutory interpretation." Coppola v. Zoning Board of Appeals, 23 Conn. App. 636,640, 583 A.2d 650 (1990). "Although the position of the municipal land use agency is entitled to some deference . . . the interpretation of provisions in the ordinance is nevertheless a question of law for the court . . . the court determines legislative intent from the language used in the regulations." Id. (Internal citations omitted.) The town's factual findings as to the nature of the store should not be disturbed unless they are clearly arbitrary, but the court must construe the meaning of the statute.
"[W]henever feasible, the language of an ordinance will be construed so that no clause is held superfluous, void or insignificant." Essex Leasing, Inc. v. Zoning Board of Appeals,206 Conn. 595, 601, 539 A.2d 101 (1988). Both parties urge the court to favor one clause over the other. The clause specifically permits furniture stores, but the second clause modifies the first, so that the furniture store must generally require access to a vehicle.
As to the factual findings by the ZBA, there was testimony that Caiti was merely a showroom and did not require access to a vehicle. (See, e.g., ROR Item GG: Hearing Transcript P. 17, Testimony of Ms. Rorick, Director of Real Estate and Property). There was no evidence offered to contradict this evidence. The town argues that there was no evidence relating to whether sales were made from the store. The credibility of witnesses is a matter within the province of the Zoning Board of Appeals. Torsiello v.Zoning Board of Appeals, 3 Conn. App. 47, 49, 484 A.2d 483 (1984). The burden is on the applicant, Red Hill Coalition, Inc. v.Conservation Commission of Town of Glastonbury, 212 Conn. 710, 718, CT Page 4307563 A.2d 1339 (1989), and the town made the determination that the applicant did not meet its burden. In giving deference to the ZBA, the court will not disturb the ZBA's determination as to the credibility of the witnesses on this issue. The town was not satisfied that the applicant had provided sufficient evidence to demonstrate that Caiti was merely a showroom and did not, from time to time, require access to a vehicle. Accordingly, the applicant did not meet its burden in demonstrating that Caiti was a non-conforming use.
B. Regulations permit the continuation of a non-conforming use
Darien Zoning Regulations and General Statutes § 8-2 provide that zoning regulations "shall not prohibit the continuation of any nonconforming use, building or structure existing at the time of the adoption of such regulations." However, § 383d provides that "[i]f any non-conforming use of a building shall cease for any reason for a continuous period of more than one year, or shall be changed to a conforming use . . . any future use of such building shall be in conformity with the standards specified by these Regulations." Accordingly, Nature's Kitchen is a non-conforming use following a conforming use. Therefore, it requires a variance for its use and for its parking.
 II.
The plaintiff next argues that the ZBA improperly decided it was not authorized to grant a use variance. Section 1123 governs the granting of variances by the Zoning Board of Appeals. Section 1123 provides the standard for granting variances for different situations. In Section 1123d, the regulations provide, "[i]n no case may a variance be granted which shall permit a use not otherwise permitted in the zone. However, the ZBA may permit the reconstruction or re-establishment of a legally non-conforming use of a property or structure following its destruction by fire, storm or similar cause."
The plaintiff argues that the holding in the case of ZoningBoard of Appeals of the Town of Wallingford v. Planning ZoningCommission of the Town of Wallingford, 27 Conn. App. 297, 303,605 A.2d 885 (1992), mandates that the ordinance be held unenforceable. According to the plaintiff, Wallingford stands for the proposition that zoning regulations cannot deprive a board of appeals of its statutorily granted power to grant use variances where a literal enforcement of the regulations would result in exceptional CT Page 4308 difficulty or hardship.
The defendants did not address the issue in their brief, but at oral argument the defendants argued that the ordinance held invalid in the Wallingford case was different from § 1123d. However, in the second appeal, the ZBA considered the application in "a situation where strict application of the Regulations would result in complete or near complete confiscation of the property without just compensation, or otherwise. . . ." (ROR, Item 19.) The ordinance in the Wallingford case provided: "Notwithstanding the provisions in the proceeding, the Zoning Board of Appeals may grant a use variance in any zone upon a showing by the applicant that he cannot reasonably use his property for any of the uses permitted in the zone in which his property is located and that denial of a variance under such circumstances would constitute an unconstitutional taking of the property without compensation as such taking is defined by the laws of the State of Connecticut and the United States." Id., 299 n. 4. The Zoning Board of Appeals in the second appeal used a takings clause standard similar to the ordinance at issue in the Wallingford case.
The court in Wallingford held that the ordinance deprived the board of its right to grant use variances where literal enforcement would result in exceptional difficulty or hardship. Id., 303. The Supreme Court has stated that "the power to regulate . . . does notnecessarily imply the power to prohibit absolutely any business or trade (emphasis added); Blue Sky Bar, Inc. v. Stratford, 203 Conn. 14,20, 523 A.2d 467 (1987); this does not preclude the power of prohibition. Cf. Yaworski v. Canterbury, 21 Conn. Sup. 347, 350,154 A.2d 758 (1959)." Wallingford, supra, 27 Conn. App. 304, quoting Beacon Falls v. Posick, 212 Conn. 570, 563 A.2d 285 (1989). "Under the rationale of Beacon Falls, when a statute authorizes a municipality to regulate a certain activity, a prohibition of that activity will be valid only if the prohibition is rationally related to the protection of the community's public health, safety and general welfare." Wallingford, supra, 304-5. In Wallingford,
the record revealed the purpose for enacting the legislation. InBeacon Falls, the town enacted an ordinance prohibiting the operation of a dump by anyone other than the town. Beacon Falls v.Posick, supra, 212 Conn. 571. The court held that "zoning regulations enjoy a presumption of constitutionality and the party challenging such regulations has the heavy burden of proving their unconstitutionality beyond a reasonable doubt." Id., 585. The court found that without evidence to establish that the ordinance was enacted for a reason other than to protect the community's CT Page 4309 public health, safety and general welfare, the court could not invalidate the ordinance. Id., 586.
The appellant has provided no evidence as to the purpose behind the enactment of the prohibition. Furthermore, the prohibition is only for the granting of a use variance where the use is not permitted anywhere in the zone, a more limited prohibition than in the Wallingford case. Accordingly, this court cannot declare § 1123d invalid.
The Zoning Board of Appeals used a standard that is not declared invalid. Therefore, the board did not abuse its discretion in denying the application for a use variance. There was no testimony presented that the building had burned or been flooded. Furthermore, the issue regarding the application for parking spaces is rendered moot because the variance was not granted, and this court need not reach the merits of the denial.
 III.
The plaintiff lastly argues that the proceedings were tainted by a conflict of interest. The plaintiff introduced evidence at the superior court hearing that one of the members of the board, Ms. von Schmidt, recused herself from the first Heyman hearing because she had represented one of the buyers of a unit in a condominium complex. (Hearing, Exhibit A). The condominium association objected to the application. (ROR, Item H: Letter from the Villager Pond Association). Ms. von Schmidt voted on the application at the second hearing. (ROR, Item 19). Ms. von Schmidt testified at a deposition that she had represented the condominium owner sometime between 1990 and 1992. (Deposition, p. 73.) She represented the executrix, the client's sister, in the administration of the client's estate sometime in 1994. (Deposition, pp. 74-75). Ms. von Schmidt telephoned her client who said he did not particularly care one way or the other what happens with the application, and he was not particularly concerned with the outcome. (Deposition, pp. 93-94). The court also took into consideration Exhibit B2 the deposition of Georgia von Schmidt, being pages 79-103 and the rulings thereon.
General Statutes § 8-11 provides, "[n]o member of any Zoning Commission or Board and no member of any Zoning Board of Appeals shall participate in the hearing or decision of the Board or Commission in which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial CT Page 4310 sense." The courts have established two tests for establishing a conflict of interest, the personal or financial interest test, and the appearance of impropriety test.
The test for disqualification "is not whether personal interest does, in fact, conflict, but whether it reasonably might conflict." Murach v. Planning Zoning Commission, 196 Conn. 192,202, 491 A.2d 1058 (1985). The court has found a conflict of interest where the zoning commission's chairman's parents and sister owned and occupied property adjacent to property affected by comprehensive revision of zoning regulations. Thorne v. ZoningCommission of Town of Old Saybrook, 178 Conn. 198, 423 A.2d 861
(1979). A conflict of interest was not present where a board member was friendly with the party who opposed the granting of the plaintiff's variance. McGavin v. Zoning Board of Appeals,26 Conn. Sup. 251, 217 A.2d 229 (1966). Board members should not also engage in activities which result in the creation of a situation tending to undermine public confidence. Thorne v. ZoningCommission, supra, 178 Conn. 205.
The former representation of someone who claims he has no interest in the outcome of the matter and does not care one way or the other does not rise to the level of personal or financial interest. Such a situation does not create a possible bias, and does not establish an interest. Furthermore, alleged conflict does not rise to the level of appearance of impropriety.
For all the foregoing reasons, the plaintiff's appeal is dismissed.
KARAZIN, J.