LEAR, Judge.
The issue in this case concerns whether or not the defendants-appellees abused their discretion in refusing a “commercial use” permit under the City of Baker, Louisiana, zoning ordinance.
Plaintiff sought to obtain a permit to operate a recording studio in a “P. Planned Commercial District” which permit was denied after a public hearing, although the Baker Planning and Zoning Commission had originally approved the permit.
Plaintiff contends that the denial was arbitrary and capricious and an abuse of the discretion and power of the city council as defined by Section 24-22 of the Code of the City of Baker.
In well-written reasons for judgment, affirming the action of the city council, the trial judge stated as follows:
“The court cannot agree with plaintiff’s position based on a reading of the entire section and the law relative to zoning matters. Section 24-22 begins by recognizing that there are many undeveloped tracts of land within existing residential areas in the P-Planned Commercial Zone. To facilitate the development of these areas, the section provides a procedure for application to the Baker Planning Commission, but final approval and issuance of the permit is reserved to the City Council. Paragraphs (3) and (7) are of particular interest:
“ ‘(3) Now, therefore, in order to encourage the most appropriate uses of land both commercially and residentially, conserve the value of residential buildings and neighborhoods, facilitate adequate transportation, lessen congestion in the public streets, contribute to safety from fire, provide adequate light and air, and promote the general welfare, convenience, comfort and public health, especially with reference to traffic congestion, the council reserves unto itself the right to review and approve any project proposed in a P Planned Commercial District.
*655 “ ‘(7) If the planning commission has approved the proposed building and/or land use project, the city council may authorize issuance of a permit in accordance therewith. If the planning commission disapproves the application, it shall specify the basis of its disapproval. Under such circumstances, the city council shall, nonetheless have authority to review any proposal disapproved by the planning commission, and, taking into consideration the report of the planning commission, shall determine whether in its opinion, the proposed parking provisions, parking lot access and egress, provisions for loading and unloading passengers from automobiles and merchandise from delivery trucks, access and egress of delivery trucks, automobile and pedestrian circulation, and other design features of such proposal affecting traffic congestion will adversely affect the public health, safety, convenience, comfort and welfare, particularly in regard to traffic movement and congestion, both within the limits of the proposed project site and on the public streets and highways giving access to and egress from the proposed site.’
“It is evident from the above sections that the City Council is given final authority to issue or deny permits and is not bound by recommendations of the zoning commission. Since the ultimate authority has clearly been legislatively delegated to the City Council, any decisions made pursuant to that authority can only be overturned judicially if the court finds that the decision is illegal, arbitrary, or unreasonable. Cook v. Metropolitan Shreveport Board of Appeals, 339 So.2d 1225 (2d Cir. [La.App.] 1976). It should be noted that the actual procedure used here is close to rezoning and in the area of rezoning the law is similar. Rezoning is a legislative function and the courts do not get involved absent some abuse of discretion. Smith v. City of Alexandria, 300 So.2d 561 (3d Cir. [La.App.] 1974).
“The record does not reflect that the decision to deny the permit was arbitrary or an abuse of discretion. The record does indicate that after considering the welfare of the neighborhood involved, and the possibility of an increase in noise and congestion, the Council decided that the recording studio was inappropriate for this area. The authority given the Council by Sec. 24-22 of the Baker Code gives it this discretion.”
We agree. The judgment of the trial court is affirmed, appellant to pay all costs.
AFFIRMED.