408 So.2d 248 (1981)
Roger D. FURR
v.
The MAYOR AND CITY COUNCIL OF BAKER.
No. 81-C-0718.
Supreme Court of Louisiana.
September 28, 1981.
Rehearing Denied November 16, 1981.[*]
Robert W. Stratton, of Conway & Stratton, Baker, for plaintiff-applicant.
William C. Bradley of Bradley & Wall, Ltd., Baker, for defendant-respondent.
WATSON, Justice.
This is a zoning dispute. The issue is whether plaintiff is entitled to operate a recording studio in a "P Planned Commercial District" under the zoning ordinance of the City of Baker.
"P Planned Commercial District" is used as the zoning designation for an undeveloped tract of land in the path of projected residential growth. Because of the need for properly planned shopping centers in those areas, the Baker City Council must approve all proposed projects. The uses permitted are offices, retail stores, service stations, small repair shops, banks, commercial schools, theaters, outdoor theaters, commercial greenhouses and nurseries, parking lots, hotels and motels. Prohibited in such *249 a district are dance halls and all other uses not specifically permitted.
The city attorney of Baker advised the planning and zoning commission that a recording studio should be permitted as an establishment for retail sales. On the basis of this opinion, the commission recommended to the city council that a permit for a recording studio be granted. After a hearing, the city council overruled the planning commission. Plaintiff, Roger D. Furr, filed this suit for judicial review.
The trial court concluded that denial of the permit was not an abuse of discretion on the part of the Baker City Council. The Court of Appeal affirmed. Furr v. The Mayor and City Council of Baker, 394 So.2d 654 (La.App. 1 Cir. 1981). A writ was granted to review the judgment, 399 So.2d 598 (La.,1981).
Zoning ordinances, like other legislative acts, are presumed to be valid. Southside Civic Ass'n v. Guaranty Sav. Assur., 339 So.2d 323 (La.,1976). The burden of proof was on plaintiff Furr to show that the zoning ordinance is unconstitutional or was applied to him in an arbitrary and discriminatory manner.
The Baker City Council reserved the right to approve any project in a "P Planned Commercial District". If this provision were interpreted to give the council unfettered authority, the ordinance would be unconstitutional. However, it can be interpreted to meet constitutional requirements. The Baker City Council has the authority to review an application for a "P Planned Commercial District" project only to determine if the proposed project is of a type permitted.
Orderly development of a community is a legitimate objective of zoning. A zoning provision which limits an area to particular uses represents a valid exercise of the police power. Some uses are incompatible with others. A small municipality suitable for continuing residential development can exclude all businesses except those needed to serve its residents. Duffcon Concrete Products v. Borough of Cresskill, 64 A.2d 347, 1 N.J. 509 (1949). The Baker City Council determined that limited commercial uses would be allowed where residential growth was projected. Those enumerated are generally of a type which can coexist with homes. It can be argued that a recording studio intrudes no more on the peace of a residential neighborhood than other retail establishments. However, during the city council hearing, it was stated that a recording studio could be open twenty-four hours a day.
The remarks at the hearing indicate that the city council's dilemma was whether the proposed studio should be classified as a retail sales outlet or a light industrial project. A recording studio is not generally thought of as an establishment for the sale of goods and products. The zoning commission and the city council differed as to the correct classification. However, the council's determination that a recording studio is not an establishment for retail sales is not an unreasonable one. Since the municipal authority exercised its discretion in a reasonable manner, there is no basis for this court to substitute its judgment in the matter. State v. McDonald, 168 La. 172, 121 So. 613 (1929), cert. denied, 280 U.S. 556, 50 S.Ct. 16, 74 L.Ed. 612. Plaintiff failed to sustain the burden of showing that the city council acted arbitrarily in denying him a permit for a recording studio.
For the foregoing reasons, the judgments of the trial and appellate courts are affirmed.
AFFIRMED.
NOTES
[*] Dixon, C. J., and Lemmon, J., would grant a rehearing.