WILLIAM D. MCNEILL, PLAINTIFF-APPELLANT, v. TOWNSHIP OF PLUMSTED, DEFENDANT-RESPONDENT.

WILLIAM D. MCNEILL, PLAINTIFF-APPELLANT, v. PLUMSTED TOWNSHIP PLANNING BOARD AND TOWNSHIP OF PLUMSTED, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 28, 1987—Decided March 6, 1987.

Before Judges FURMAN, SHEBELL and STERN.

*Paul J. Urbania* argued the cause for appellant (*Wood, Jahos, Broege & Wight,* attorneys; *Evan William Jahos,* of counsel; *Paul J. Urbania,* on the brief).

*J. Llewellyn Mathews* argued the cause for respondent, Plumsted Township Planning Board (*Apell and Mathews,* attorneys; *J. Llewellyn Mathews,* on the brief).

No brief was filed on behalf of respondent, Township of Plumsted.

The opinion of the court was delivered by

SHEBELL, J.A.D.

Plaintiff appeals the judgments of the Law Division in these consolidated prerogative writ actions in which he sought to have an ordinance amending Plumsted's Zoning Code declared null and void and to have the Township Planning Board approve his soil removal application in accordance with the ordinances in effect prior to the amendment.

Appellant filed an application with the Plumsted Township Planning Board on December 27, 1984 for site plan approval and a conditional use permit allowing soil removal from his property. During the course of the Planning Board proceedings the Plumsted Township Committee introduced the following ordinance on February 11, 1985:

> *Section* 1: Chapter XV Paragraph 4.9b of the Revised General Ordinances of the Township of Plumsted is hereby amended to include new sub-paragraph 8 as follows:
>
> "8. Removal of soil for sale or for use other than on the premises from which the soil shall be taken, except where the primary purpose is for reasons other than removal of soil, such as irrigation ditches, and ponds, ground water ponds, and drainage ditches or excavations for the construction of a structure."
>
> *Section* 2: Any ordinances or parts of ordinances inconsistent herewith are hereby repealed.
>
> *Section* 3: This ordinance shall take effect immediately upon final passage and publication as required by law.

Prior to the amendment, soil removal was permitted upon Planning Board approval which was subject to a favorable determination by the Township Engineer "that the proposed removal or redistribution of soil will not be detrimental to the health, safety or welfare of the township or its inhabitants...." Ordinance 10–2.2f; 10–1.2. The result of the amendment was to place soil removal on the list of prohibited uses set forth in Chapter 15, paragraph 4.9b of the Township's Revised General Ordinances.

The initial draft of the ordinance apparently prohibited all removal of soil for sale or use other than on the premises from which the soil was taken; however, after consulting with local agricultural interests as to how this would impact on the

preparation of the land for farming and impede irrigation, an exception as to irrigation and drainage ditches as well as ponds was inserted together with an exception for "excavations for the construction of a structure." Although the Township of Plumsted has failed to file a brief in this appeal, the attorney for the Planning Board submits that the language of the ordinance would permit restructuring of the land for development purposes although such an interpretation is not readily apparent.

Following the presentation of plaintiff's proofs on March 4, 1985, the Planning Board carried the matter to April 1st over the objection of plaintiff's attorney. When plaintiff appeared before the Board on the adjourned date, the Township Committee had on March 11, 1985 adopted the amendment prohibiting soil removal. Prior to the April 1st meeting plaintiff instituted his first prerogative writ action against the Township, seeking to declare the ordinance invalid. He nonetheless sought to have the Planning Board approve his site plan subject to a use variance if plaintiff was unsuccessful in his lawsuit. The Board however denied plaintiff's application by a three to two vote with two abstentions. Plaintiff then filed his second action against the Planning Board and the Township, maintaining that the Board's delay of the determination on his application to permit passage of the ordinance by the Committee and also the denial of the application were arbitrary, capricious and unreasonable.

The Law Division Judge in two letter opinions denied relief except to the extent that he ordered a remand of plaintiff's site plan application to the Planning Board for a new vote without participation of a Board member found to have been biased against the applicant.

■■ We must liberally and broadly construe the statutory grant of the zoning authority to the municipality. *N.J. Const.* (1947) art. IV, § VII, ¶ 11; *Home Builders League v. Berlin Tp.*, 81 *N.J.* 127, 137 (1979). The wisdom or advisability of the

enactment of an ordinance is properly a legislative function. *Cf. Ward v. Montgomery Tp.*, 28 *N.J.* 529, 539 (1959). Further, such enactments are presumptively valid. *Hyland v. Mayor of Morris Tp.*, 130 *N.J.Super.* 470, 476 (App.Div.), aff'd o.b. 66 *N.J.* 31 (1974).

Zoning, however, is the exercise of police power and is subject to due process requirements. *Berger v. State*, 71 *N.J.* 206, 223 (1976). A zoning ordinance which is arbitrary or unreasonable cannot stand. *Cf. Pascack Association v. Mayor of Washington Tp.*, 74 *N.J.* 470, 483 (1977). The restrictions placed on the land use must be justified by the legitimate purpose sought to be accomplished and the means used to attain that purpose must be reasonably related to accomplishing it. *State v. Baker*, 81 *N.J.* 99, 105–106 (1979); *Gruber v. Mayor of Raritan Tp.*, 39 *N.J.* 1, 12 (1962). A zoning regulation must promote the public health, safety, morals and general welfare. *N.J.S.A.* 40:55D–2a.

Every municipality need not provide for every use within its borders. *Fanale v. Borough of Hasbrouck Heights*, 26 *N.J.* 320, 325 (1958); *Duffcon Concrete Products, Inc. v. Borough of Cresskill*, 1 *N.J.* 509, 513–515 (1949); *Pierro v. Baxendale*, 20 *N.J.* 17, 30 (1955). However, the question of whether a use may be wholly prohibited depends upon its compatibility with the particular municipality judged in light of the purposes for zoning set forth in *N.J.S.A.* 40:55D–2. *Cf. Fanale*, 26 *N.J.* at 325 (similarly construing original parallel section, *N.J.S.A.* 40:55–32). "No definitive pattern can be judicially prescribed; each case must turn upon its own facts." *Id.* at 326. Thus, a use which was initially permitted may later "be inimicable to [a municipality's] total welfare." *Ibid. See also Shipman v. Town of Montclair*, 16 *N.J.Super.* 365, 371 (App.Div.1951).

Accordingly, in *Fanale* a zoning amendment prohibiting apartment houses was upheld although they had previously been permitted where "the fact of extensive development may accentuate the need for change, since less desirable uses are

then more certain to cast a shadow upon established neighboring uses." 26 *N.J.* at 326. The court may act to set aside such a prohibition only if the presumption in favor of the ordinance is overcome by a clear showing that it is arbitrary or unreasonable. *Id.* at 327; *Kozesnik v. Montgomery Tp.*, 24 *N.J.* 154, 167 (1957); *Schmidt v. Board of Adjustment of City of Newark*, 9 *N.J.* 405, 416 (1952); *Cobble Close Farm v. Board of Adjustment of Middletown Tp.*, 10 *N.J.* 442, 451 (1952).

The trial court disposed of plaintiff's contention that the ordinance was an arbitrary, capricious and unreasonable exercise of the Township's zoning authority by stating:

> The plaintiff sought approval for what was essentially a "mining operation" and the Court finds that the Township is permitted to pass an ordinance which, under the circumstances of this case, makes such an operation a "prohibited use".

■ The issue before the court was incapable of resolution in such a manner. The question of the propriety of the prohibition could only be resolved by a factual determination of whether conditions within the Township justify the prohibition of soil removal as enacted.

■ The size and character of the Township must be assessed together with locations and densities of population, traffic and congestion on roads and streets, compatibility with other permitted uses including whether those uses contribute like difficulties and dangers, as well as the ability of the Township through less restrictive means to provide for the public health, safety and welfare. The Township has had experience with a prior ordinance and its application to soil removal operations. The trial court should consider whether the Township has had any untoward experience which has been brought to the attention of police, safety or fire authorities on an ongoing basis and whether the adoption of the ordinance was as plaintiff alleges merely as a result of popular protest against such a use.

The trial court must also be mindful that there may be a legitimate public need for the sale and removal of soil to off-site

locations within the Township and in other areas which do not have the resources that Plumsted Township seeks to legislate into inutility. It must be considered in the light of local conditions whether the ordinance as reasonably interpreted is overly broad by appearing to prohibit removal of soil even where topographically required to develop a major subdivision since it only excepts "excavations for the construction of a structure." There may be areas in the Township which require removal of soil to facilitate development. In the planning of certain housing developments, the ability to commercially sell soil may be a necessary ingredient for providing affordable housing. *Cf. N.J.S.A.* 52:27D–301 *et seq.; Southern Burlington Cty. N.A.A.C.P. v. Mount Laurel Tp.*, 67 *N.J.* 151, *cert.* den. 423 *U.S.* 808, 96 *S.Ct.* 18, 46 *L.Ed.*2d 28 (1975); *Southern Burlington Cty. N.A.A.C.P. v. Mount Laurel Tp.*, 92 *N.J.* 158 (1983).

Further, in considering proofs regarding the problems inherent in soil removal and mining operations such as noise, dust, truck travel and the safety of children the court should consider whether police and zoning means are available to deal with such problems short of absolute prohibition. In this regard, we note that the Planning Board is empowered under the zoning ordinance to require the construction of fencing around detention and retention basins which would include the lake or pond depicted in plaintiff's application. Rev.Ord. 10–1.8b12.

Plaintiff has urged that the zoning amendment does not satisfy the requirements of *N.J.S.A.* 40:55D–62 in that the amendment is not substantially consistent with the land use plan element of the Township's zoning ordinance. Plaintiff therefore argues that its passage requires an "affirmative vote of a majority of the full authorized membership of the governing body, with the reasons of the governing body for so acting set forth in a resolution and recorded in its minutes when adopting such a zoning ordinance...." While it may well be that the amendment prohibiting soil removal is inconsistent with the Township's land use plan element, *see N.J.S.A.*

40:55D–28b(2)(b), we are satisfied that the interests of the parties at this time are best served by a remand directly to the Law Division where there can be full presentation by the Township Committee and Planning Board as to reasons and conditions in the Township which might justify the amendment. The trial court should on remand have the benefit of any report of the Planning Board to the governing body prepared pursuant to *N.J.S.A.* 40:55D–64 as well as any other official reports of the municipal engineers, police and other agencies reflecting past experience with such removal or similar operations as are sought to be prohibited.

We reject plaintiff's contention that the Planning Board's failure to grant his application was arbitrary, capricious or unreasonable. It appears that the delay may arguably have been justified in order to give the Board members an opportunity to view the site as determined by the Law Division. Plaintiff's further demands for immediate Planning Board action are inappropriate pending a determination of the validity of the amendatory ordinance.

We reverse and remand to the Law Division for further proceedings.