570

## TOWN OF BEACON FALLS ET AL. *v.* STEPHEN M. POSICK
## (13561)

PETERS, C. J., SHEA, CALLAHAN, GLASS, COVELLO, HULL and SANTANIELLO, Js.

Argued June 6—decision released August 8, 1989

*Robert F. Carter,* with whom, on the brief, was *Donna Civitello,* for the appellants (plaintiffs).

*Milo J. Altschuler,* for the appellee (defendant).

*Timothy J. Hollister* and *Jean E. Perry,* filed a brief for Waste Management of Connecticut, Inc., as amicus curiae.

*Francis J. Brady, Mark R. Sussman* and *Bradford C. Mank,* filed a brief for Connecticut Resources Recovery Authority as amicus curiae.

SHEA, J. In this case, the plaintiffs appeal from the decision of the Appellate Court; *Beacon Falls* v. *Posick,* 17 Conn. App. 17, 549 A.2d 656 (1988); that invalidated certain ordinances and regulations of the plaintiff town prohibiting the operation of a bulky waste disposal area (dump) in Beacon Falls. We conclude that the Appellate Court erred in invalidating these municipal enactments and reverse its decision.

The facts are set out in detail in the Appellate Court's opinion but must be substantially repeated for a proper understanding of the appeal. On March 16, 1954, the town of Beacon Falls enacted two ordinances restricting dumping, one of which prohibits the operation of a dump within the town by anyone but the town, except for existing dumps.[1] Consistent with these ordinances,

---

[1] The two ordinances provide:

"AN ORDINANCE PERTAINING TO GARBAGE, OFFAL AND DUMPING

"BE IT ORDAINED BY THE TOWN OF BEACON FALLS:

"Section 1. No garbage, rubbish, waste material, refuse or tin cans shall be dumped within the limits of the Town.

"Section 2. No dumps or commercial piggeries shall be permitted within said Town limits, with the exception that the Town of Beacon Falls shall

the town enacted the zoning regulations at issue in this action. Those regulations prohibit any use not specified as permitted, and the operation of a dump is not specifically permitted.[2]

On July 19, 1978, the department of environmental protection (DEP) issued a permit to the defendant authorizing him to operate a dump on approximately two acres of land located off Lopus Road in Beacon Falls. On May 21, 1982, the DEP issued a permit for a six acre expansion of the defendant's dump. This expansion permit was expressly "subject to any and all public and private rights and to any federal, state, or local laws or regulations pertinent to the property or activity affected hereby." According to the state trial

---

be permitted to maintain one dump at all times within the Town Limits for its purpose.

"Section 3. This ordinance shall not affect any existing dumps or piggeries at the present time.

"Section 4. This Ordinance shall become effective thirty days from the date hereof. Any person who shall wilfully violate any provision of this Ordinance shall pay a penalty not to exceed $25.00 for each and every offense. All sums paid as penalties shall be retained by the Town for its use.

"PASSED in town meeting held March 16, 1954

"AN ORDINANCE PERTAINING TO ODORS, FUMES, DUST, SMOKE AND NOISE

"BE IT ORDAINED BY THE TOWN OF BEACON FALLS:

"Section 1. No person shall wilfully cause any odor, fumes, dust, smoke, noise or other objectionable use that is dangerous or detrimental to the neighborhood. This Ordinance does not restrict normal farming operations and/or normal industrial operations.

"Section 2. This Ordinance shall become effective thirty days from the date hereof. Any person who violates this Ordinance shall pay a penalty not to exceed $25.00 for each and every offense. All sums paid as penalties shall be retained by the Town.

"PASSED in town meeting held March 16, 1954"

[2] Sections 2.1 and 6.4 of the Beacon Falls zoning regulations provide: "Section 2.1: *Jurisdiction:* Within the Town of Beacon Falls, no land, building or other structure shall be used and no building or other structure shall be constructed, reconstructed, enlarged, extended, moved or structurally altered except in conformity with these Regulations. . . . ' " "Section 6.4: *Prohibited Use:* Any use not specified as permitted in the district is prohibited. . . . ' "

In this appeal, only the validity of the zoning regulations is at issue.

referee, *Hon. Joseph J. Chernauskas,* who rendered judgment for the plaintiffs in the trial court, "[t]he DEP permit process did not include any investigation of whether the dumping operation complied with Town Ordinances or Zoning Regulations."

The zoning enforcement officer of Beacon Falls served upon the defendant on June 9, 1982, an order to discontinue use of his property as a dump because such use violated local ordinances and zoning regulations. The defendant did not appeal to the zoning board of appeals from the order of discontinuance. The defendant, nevertheless, "thereafter dumped or permitted to be dumped 100,000 cubic yards of waste material on [the] six-acre site." The trial referee determined that the defendant's actions in this regard were wilful.

The plaintiffs instituted this action for injunctive relief, civil penalties and attorney's fees and costs on December 8, 1983. The defendant denied all of the material allegations and asserted seven special defenses. The defendant's third special defense, alleging that state laws and regulations preempt the plaintiff town's zoning regulations prohibiting dumps, and his fourth special defense, alleging that these zoning regulations are unconstitutional because there is no rational basis for them, are pertinent to this appeal.

The defendant moved for summary judgment on the preemption special defense. The plaintiffs also moved for summary judgment. The court, *Kulawiz, J.,* found genuine issues of material fact, however, and therefore denied the motions for summary judgment. The court stated: "Local zoning regulations have not been preempted by the DEP regulations. Even though the defendant has received a permit from the DEP, he still must comply with the zoning regulations of the town of Beacon Falls and the ordinance that pertains to odors, fumes, smoke and noise." Presumably, the

authority for the trial court's assertion that the defendant must comply with local regulations despite his permit from the DEP was General Statutes (Rev. to 1985) § 22a-208 (c).[3] That statute provided that "nothing in this chapter or in chapter 446e shall be construed to limit the right of any local governing body to regulate, through zoning, land usage for solid waste disposal."

The action was tried before a state trial referee, *Hon. Joseph J. Chernauskas,* who, acting as the court, on July 18, 1986, issued a temporary injunction that prohibited the defendant from dumping solid waste in the dump off Lopus Road. On August 17, 1987, the court rendered judgment for the plaintiffs. On the issues relevant to this appeal, the court adopted the decision that had been rendered, *Kulawiz, J.,* on the motions for summary judgment that the DEP regulations did not preempt the local zoning regulations. The court found further that the facts developed at trial substantiated the earlier decision. On the defendant's special defense that the zoning regulations were unconstitutional because they had no rational basis, the court stated that the defendant's claim was "patently without merit."

The defendant appealed to the Appellate Court raising four claims of error. The Appellate Court summarized the first three claims as follows: "(1) the trial court erred in denying the defendant's motion to dismiss because it had no jurisdiction on any issue concerning the DEP permits; (2) the DEP regulations and permits preempt local zoning regulations that conflict with them relative to solid and bulky waste disposal; and (3) the absolute prohibition by the plaintiff town of the use of land as a solid or bulky waste disposal area is not a valid exercise of its police power and is not supported by any

---

[3] General Statutes (Rev. to 1985) § 22a-208 (c) formerly was codified as General Statutes (Rev. to 1981) § 19-254b (c) and now is codified as § 22a-208a (b).

rational reason." *Beacon Falls* v. *Posick,* supra, 25. In its resolution of the appeal, the Appellate Court determined that these three issues "encompass[ed] the single issue of whether the provisions of the State Solid Waste Management Act, General Statutes (Rev. to 1981) §§ 19-524a through 19-524o, under which the defendant obtained a permit for the operation of a bulky waste disposal area, preempt the town's antidumping ordinance and zoning regulations prohibiting the establishment of a private dump for waste material and refuse within its limits." Id. In finding that the trial court had erred, the Appellate Court concluded that the zoning regulations were preempted and that there was no rational basis for the prohibition of solid or bulky waste disposal areas in Beacon Falls. Id., 35.[4]

The plaintiffs subsequently appealed to this court. Upon the plaintiffs' application, we granted certification limited to the following issues: "1. Did the Appellate Court err in concluding that the enactment of § 2 of Public Acts 1984, No. 84-331, exempting from local zoning any real property of the Connecticut resources recovery authority that had been operated as a solid waste disposal area prior to the effective date of such public act, preempted the Beacon Falls zoning ordi-

---

[4] The defendant's final claim of error was that the trial court erred "in ruling that the defendant could not contest the validity of the cease and desist order since he did not appeal it to the Zoning Board of Appeals when such an appeal would have been futile and would not provide the defendant with an adequate remedy at law." Although the Appellate Court agreed with the defendant's claim, this issue is not encompasssed within the order on the petition for certification to appeal to this court. Furthermore, it is unnecessary to address this claim for a complete disposition of this appeal because, although the trial court stated that the defendant could not contest the validity of the cease and desist order, it immediately thereafter examined the validity of the regulations upon which the order was based, thus effectively addressing the merits of the defendant's claim. On the certified issues, we also address the validity of the regulations, as did the Appellate Court, and therefore the claim has been fully resolved on its merits despite the trial court's dictum. See *Norwich* v. *Norwalk Wilbert Vault Co.,* 208 Conn. 1, 4–5, 544 A.2d 152 (1988).

nance that prohibited the defendant from operating a landfill on his property? 2. Did the Appellate Court err in concluding that the Beacon Falls zoning ordinance prohibiting privately operated waste disposal landfills was unconstitutional?"

I

We first address the issue of whether § 2 of Public Acts 1984, No. 84-331 operated to preempt the Beacon Falls zoning regulations that prohibit the operation of a dump within the town. Public Acts 1984, No. 84-331, § 2, provided in part that "[n]otwithstanding the provisions of subsection (c) of section 22a-208 . . . concerning the right of any local body to regulate, through zoning, land usage for solid waste disposal and section 22a-276 . . . the Connecticut resources recovery authority may use and operate as a solid waste disposal area, pursuant to a permit . . . any real property owned by said authority . . . . " Public Acts 1984, No. 84-331.[5] The basic question is whether this public act modified the scope of General Statutes § 22a-208 (c) by preempting local zoning control over solid waste disposal only with regard to facilities operated by the Con-

[5] Public Acts 1984, No. 84-331, § 2, provided in full: "Sec. 2. (NEW) Notwithstanding the provisions of subsection (c) of section 22a-208 of the general statutes, as amended by public act 83-189, concerning the right of any local body to regulate, through zoning, land usage for solid waste disposal and section 22a-276 of the general statutes, the *Connecticut resources recovery authority* may use and operate as a solid waste disposal area, pursuant to a permit issued under section 22a-208 of the general statutes, as amended by public act 83-189, and section 22a-430 of the general statutes, *any real property owned by said authority on or before the effective date of this act, any portion of which has been operated as a solid waste disposal area,* provided the authority pays the municipality in which such property is located one dollar per ton of unprocessed solid waste received from outside of such municipality and disposed of at the solid waste disposal area by the authority. Any payment shall be in addition to any other agreement between the municipality and the authority. The provisions of section 12-19a of the general statutes shall not be construed to apply to any such real property." (Emphasis added.)

necticut resources recovery authority (CRRA) or whether it preempted local control with regard to dump siting generally.

Our inquiry into this first issue must begin with an examination of *Shelton* v. *Commissioner,* 193 Conn. 506, 479 A.2d 208 (1984). In that case, the plaintiff city of Shelton, brought three separate actions in an attempt to prevent the CRRA from operating a landfill on property that the CRRA owned in Shelton. One of the plaintiff's claims on appeal was "that the local zoning regulations overrode the statewide planning decisions of the CRRA and the DEP." Id., 511.

At the time that the *Shelton* appeal was initiated, municipalities derived their power to regulate solid waste disposal areas within their jurisdiction from General Statutes (Rev. to 1983) § 22a-208 (c), which provided, as does the current statute, that "nothing in this chapter or in chapter 446e shall be construed to limit the right of any local governing body to regulate, through zoning, land usage for solid waste disposal." Before the Shelton appeal was decided, however, § 2 of Public Acts 1984, No. 84-331 was enacted to modify the effect of § 22a-208 (c).[6] Because Public Acts 1984, No. 84-331 was enacted in the period between the filing and our resolution of the appeal, in the decision we examined the effect of § 2 of Public Acts 1984, No. 84-331. We stated: "The effect of § 2 of the 1984 act is to eliminate the express zoning authority conferred by § 22a-208 (c) and to restore the law to its state at the time of the *Colchester* [v. *Reduction Associates, Inc.,* 34 Conn. Sup. 177, 382 A.2d 1333 (1977)] decision. We agree with the court in *Colchester* that the general zoning authority conferred by § 8-2 does not extend to the enactment of zoning regulations that conflict with a

[6] The effective date of the act was May 11, 1984, two days after *Shelton* v. *Commissioner,* 193 Conn. 506, 479 A.2d 208 (1984), was argued.

DEP permit." *Shelton* v. *Commissioner,* supra, 517.[7]
It is from this language in *Shelton* that the preemption
dispute in the present case emanates.

The defendant maintains that the Appellate Court
was correct in finding that the *Shelton* decision was
"decisive of the issue" before it; *Beacon Falls* v. *Posick,*
supra, 30; and he argues that the decision of the Appel-
late Court in the present case finding preemption of
the zoning regulations is "totally consistent" with the
above-mentioned quote in *Shelton.* On the other hand,
the plaintiffs argue that, despite the possible interpre-
tation of the language in *Shelton* as affecting all local
zoning with regard to dump siting, such an interpre-
tation must be rejected because the intent of the legis-
lature was clear that local zoning is preempted only to
the extent that it is inconsistent with the operation of
a duly permitted CRRA waste disposal facility on prop-
erty owned by the CRRA. We agree with the plaintiffs.

Analysis of No. 84-331, § 2, of the 1984 Public Acts
reveals that the act's plain and unambiguous language
limits its application to property owned by the CRRA.
At the time the public act was enacted, General Stat-
utes § 22a-208 (c) provided for local regulation of land
usage for solid waste disposal. The public act carved
out an exception to that general rule, providing: "Not-
withstanding the provisions of subsection (c) of section

---

[7] In *Colchester* v. *Reduction Associates, Inc.,* 34 Conn. Sup. 177, 179, 184,
382 A.2d 1333 (1977), the Court of Common Pleas for New London county
held that the town of Colchester could not prohibit the disposal of unbaled
waste by a private party after that party had received a permit for such
disposal activity from the DEP. The Court of Common Pleas determined
that the zoning regulation prohibiting the disposal of unbaled waste was
in "direct conflict" with the DEP permit and, therefore, the local regula-
tion was preempted. See id., 184. We concluded in *Shelton* v. *Commissioner,*
193 Conn. 506, 516–17, 479 A.2d 208 (1984), that the enactment of Gen-
eral Statutes § 22a-208 (c), then § 19-524b (c), providing that a DEP solid
waste permit did not override local zoning regulations, was a "response
to the court's holding in *Colchester.*"

22a-208 of the general statutes . . . concerning the right of any local body to regulate, through zoning, land usage for solid waste disposal . . . *the Connecticut resources recovery authority* may use and operate as a solid waste disposal area, pursuant to a permit issued under section 22a-208 . . . *any real property owned by said authority on or before the effective date of this act* . . . ." (Emphasis added.) Public Acts 1984, No. 84-331, § 2. Because the statutory terms are clear, we must assume that the legislature intended only to preempt local zoning authority to the extent that it conflicted with the operation of a CRRA facility on property owned by the CRRA prior to May 11, 1984, and we cannot construe the act otherwise. See *B. F. Goodrich Co.* v. *Dubno,* 196 Conn. 1, 8, 490 A.2d 991 (1985). Furthermore, because the general rule under General Statutes (Rev. to 1985) § 22a-208 (c) provided for local zoning regulation of dumps, the exception created by No. 84-331 of the 1984 Public Acts must be construed narrowly. See *Conservation Commission* v. *Price,* 193 Conn. 414, 424, 479 A.2d 187 (1984); *Kulis* v. *Moll,* 172 Conn. 104, 110, 374 A.2d 133 (1976). Accordingly, by its terms, No. 84-331 of the 1984 Public Acts cannot be construed to have preempted all local zoning with regard to the location of solid waste disposal areas.

Although, as the plaintiffs concede, the statement in *Shelton* to the effect that No. 84-331 of the 1984 Public Acts returned the state of the law to that which existed after *Colchester* can be construed to mean that all local zoning is preempted, we must reject such a construction based on the preceding discussion. The constitutional doctrine of separation of powers prohibits this court from construing a statute to encompass a greater change in the law than intended by the legislature based on the explicit language of the statute. See Conn. Const., art. II. The power to enact statutes is

vested exclusively in the General Assembly and it is not within our constitutional authority to expand those statutes beyond what we discern to be the legislature's intent. See Conn. Const., art. III, § 1. Although after *Colchester* municipalities were without authority to enforce zoning regulations that conflicted with a DEP permit, in light of the general rule created by § 22a-208 (c) after *Colchester* and the exception to that rule created by Public Acts 1984, No. 84-331, the language in *Shelton* with regard to *Colchester* must be construed to mean that local zoning regulations are preempted only when they conflict with a DEP permit granted to the CRRA.[8]

---

[8] Although we conclude that the language of No. 84-331, § 2, of the 1984 Public Acts was clear and, therefore, that resort to legislative history to determine legislative intent is not required, that history supports our determination that No. 84-331 of the 1984 Public Acts preempted local zoning only with regard to the CRRA's property. The sponsor of No. 84-331, § 2, of the 1984 Public Acts stated: "This amendment, although it does not mention the Shelton landfill by name, it can apply only to that property, because of the narrow language." Remarks of Rep. Teresalee Bertinuson. 27 H.R. Proc., Pt. 15, 1984 Sess., pp. 5581–82; see 27 H.R. Proc., Pt. 16, 1984 Sess., pp. 5856, 5861; 27 S. Proc., Pt. 8, 1984 Sess., pp. 3086, 3090, 3098, 3105.

The enactment of No. 85-143, § 1, of the 1985 Public Acts, further illuminated the legislature's intent to preempt local zoning authority only with respect to the CRRA's property. Number 85-143, § 1, of the 1985 Public Acts, codified as General Statutes § 22a-282, provided:

"Section 1. Section 22a-282 of the general statutes is repealed and the following is substituted in lieu thereof:

"[Notwithstanding] THE CONNECTICUT RESOURCES RECOVERY AUTHORITY, NOTWITHSTANDING the provisions of subsection (c) of section 22a-208 concerning the right of any local body to regulate, through zoning, land usage for solid waste disposal and section 22a-276, [the Connecticut resources recovery authority] may use and operate as a solid waste disposal area, pursuant to a permit issued under section 22a-208 and section 22a-430, any real property owned by said authority on or before May 11, 1984, any portion of which has been operated as a solid waste disposal area, [provided the authority pays] AND THE AUTHORITY SHALL NOT BE SUBJECT TO REGULATION BY ANY SUCH BODY, EXCEPT THAT THE AUTHORITY SHALL PAY TO the municipality in which such property is located one dollar per ton of unprocessed solid waste received from outside of such municipality and disposed of at the solid waste disposal area by the authority. Any pay-

In this connection, the defendant's reliance on *Helicopter Associates, Inc.* v. *Stamford,* 201 Conn. 700, 519 A.2d 49 (1986), is unavailing. The defendant notes that in *Helicopter Associates, Inc.,* we cited *Shelton* as a leading case in the law of preemption. He also contends that when we stated that "the Solid Waste Management Services Act; General Statutes §§ 22a-257 through 22a-281; preempted local zoning regulations governing solid waste disposal"; *Helicopter Associates, Inc.* v. *Stamford,* supra, 708; we reaffirmed that all local zoning regulations of solid waste disposal siting were preempted. Although we recognize that our statement in *Helicopter Associates, Inc.,* is broad, as discussed earlier, *Shelton* cannot be construed in the manner suggested by the defendant and adopted by the Appellate Court in the present case and, a fortiori, neither can *Helicopter Associates, Inc.* Local zoning regulations governing solid waste disposal are preempted only to the extent that they conflict with a DEP permit issued to the CRRA.

Having determined that Beacon Falls' zoning ordinances are not preempted under our holdings in *Shel-*

---

ment shall be in addition to any other agreement between the municipality and the authority. The provisions of section 12-19a shall not be construed to apply to any such real property."

In urging passage of the bill, Representative Alice Meyer stated: "Thank you, Mr. Speaker. You will find that this bill is in a number of sections. The first section merely is clarifying the language to preserve local land use control over the location of private solid waste disposal areas that are not operated by CCR (sic). In essence, it does exactly what legislation passed last year accomplished, which was to allow CRRA to continue using one of its solid waste disposal areas but reiterates in perhaps clearer language the fact that the local planning and zoning board does have the control." 28 H.R. Proc., Pt. 10, 1985 Sess., pp. 3529–30; see id., pp. 3535, 3538–39. Because it is clear from this history that No. 85-143 of the 1985 Public Acts was intended to clarify rather than modify existing law, it is indicative of the legislature's intent in passing the act, i.e., No. 84-331, § 2, of the 1984 Public Acts. See *State* v. *Magnano,* 204 Conn. 259, 278, 528 A.2d 760 (1987); *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 200 Conn. 630, 640, 513 A.2d 52 (1986).

*ton* and *Helicopter Associates, Inc.,* we next turn to the defendant's alternative argument for his proposition that the zoning regulations are preempted. The defendant contends that Beacon Falls' regulations conflict with state policy and General Statutes (Rev. to 1985) § 22a-208 (c) and thus, under well settled law, the statute must prevail.[9]

We have no quarrel with the defendant's contention that when a local zoning regulation irreconcilably conflicts with a state statute, the local regulation is preempted. *Dwyer* v. *Farrell,* 193 Conn. 7, 14, 475 A.2d 257 (1984); *Bencivenga* v. *Milford,* 183 Conn. 168, 172–73, 438 A.2d 1174 (1981); *Shelton* v. *Shelton,* 111 Conn. 433, 438, 150 A. 811 (1930). In this case, however, the regulation and the statute are not in conflict.

The defendant suggests that a conflict exists because § 22a-208 (c) permitted municipalities "to *regulate,* through zoning land usage for solid waste disposal," but not to prohibit solid waste disposal. The core of the defendant's argument is that the power to regulate does not include the power to prohibit.

Although we have said that "the power to regulate . . . does not *necessarily* imply the power to prohibit absolutely any business or trade" (emphasis added); *Blue Sky Bar, Inc.* v. *Stratford,* 203 Conn. 14, 20, 523 A.2d 467 (1987); this does not preclude the power of prohibition. Cf. *Yaworski* v. *Canterbury,* 21 Conn. Sup. 347, 350, 154 A.2d 758 (1959) ("The power to regulate does not include the power to prohibit or suppress."). In *Blue Sky Bar, Inc.,* we stated that " '[t]he power to regulate . . . entails a certain degree of prohibition. . . .' " *Blue Sky Bar, Inc.* v. *Stratford,* supra,

[9] Because we have determined from the statutory language and legislative history that the legislative policy being fostered by the enactment of General Statutes (Rev. to 1985) § 22a-208 (c) was to override local zoning only as to property owned by the CRRA, Beacon Falls' prohibition of private solid waste facilities is not in conflict with this policy and thus not preempted on that ground.

quoting *Hartland* v. *Jensen's, Inc.,* 146 Conn. 697, 702, 155 A. 754 (1959); see *Mayor & Council* v. *Rollins Outdoor Advertising,* 475 A.2d 355, 358 (Del. 1984), quoting *Goldblatt* v. *Hempstead,* 369 U.S. 590, 592, 82 S. Ct. 987, 8 L. Ed. 2d 130 (1962) (" 'It is an oft-repeated truism that every regulation necessarily speaks as a prohibition.' "); *John Donnelly & Sons, Inc.* v. *Outdoor Advertising Board,* 369 Mass. 206, 214, 339 N.E.2d 709 (1975). We also declared that "it 'requires no citation of authority to say that regulation may in many instances result in prohibition. The question is whether the result is reached in a reasonable manner and is necessary for the public welfare.' " *Blue Sky Bar, Inc.* v. *Stratford,* supra, quoting *Shorehaven Golf Club, Inc.* v. *Water Resources Commission,* 146 Conn. 619, 625, 153 A.2d 444 (1959). Additionally, because the authority to zone, at least in part, stems from the police power; see *Faubel* v. *Zoning Commission,* 154 Conn. 202, 210, 224 A.2d 538 (1966); 5 P. Rohan, Zoning and Land Use Controls § 35.02 [3]; zoning regulations must foster the public health, safety and general welfare of the community. Therefore, when a statute authorizes a municipality to regulate a certain activity, a prohibition of that activity will be valid if it is rationally related to the protection of the community's public health, safety and general welfare.[10]

Connecticut courts have upheld prohibitions of certain activities within municipalities through zoning after determining that the prohibitions were rationally related to the protection of the municipalities' public safety, health and general welfare. See, e.g., *Cadoux* v. *Planning & Zoning Commission,* 162 Conn. 425, 428–29, 294 A.2d 582, cert. denied, 408 U.S. 924, 92

---

[10] The majority opinion of the Appellate Court similarly declared: "The zoning power 'to regulate' under General Statutes § 8-2 does not include the power 'to prohibit' *unless* such prohibition is supported by a rational relation to the purposes of zoning." (Emphasis added.) *Beacon Falls* v. *Posick,* 17 Conn. App. 17, 47, 549 A.2d 656 (1988).

S. Ct. 2496, 33 L. Ed. 2d 335 (1972) (prohibition on all uses except residential use valid); *Hartland* v. *Jensen's, Inc.*, supra, 702–703 (prohibition on residential trailer parks valid); *Zelvin* v. *Zoning Board of Appeals,* 30 Conn. Sup. 157, 163–64, 306 A.2d 151 (1973) (prohibition on garden apartments valid); see *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 14–15, 291 A.2d 208 (1971) (municipality may prohibit advertising signs). Courts in other jurisdictions also have upheld prohibitions of certain activities in a municipality through zoning when the prohibitions are supported by a rational basis. See, e.g., *Bass River Associates* v. *Mayor of Bass River Township,* 573 F. Sup. 205, 213–17 (D.N.J. 1983), aff'd, 743 F.2d 159 (3d Cir. 1984) (prohibition of floating homes); *Furr* v. *Mayor & City Council of Baker,* 408 So. 2d 248, 249 (La. 1981) (prohibition of recording studio); *LaGrange* v. *Giovenetti Enterprises,* 123 App. Div. 2d 688, 689, 507 N.Y.S.2d 54 (1986) (prohibition of solid waste transfer station); see *McNeill* v. *Plumstead Township,* 215 N.J. Super. 532, 537, 522 A.2d 469 (1987) (municipality may prohibit soil removal); *Mindell* v. *Gross,* 132 App. Div. 2d 535, 535, 517 N.Y.S.2d 541 (1987) (municipality may prohibit building and maintenance of hotels); see also R. Anderson, American Law of Zoning (1986) § 9.16; 5 P. Rohan, supra, § 40.01 [4] and [6]. Thus, contrary to the defendant's assertion that the complete prohibition of a certain activity within a municipality is not permitted, we conclude that such a prohibition is permissible if supported by a rational basis.

II

Because the issue of whether a prohibition is warranted requires our inquiry into whether it is supported by a rational basis, this issue merges with the plaintiffs' second claim of error. The plaintiffs claim that the Appellate Court erred in concluding that the zoning prohibition was unconstitutional in that it was "not

supported by any rational reason and is not a valid exercise of its police power." *Beacon Falls* v. *Posick,* supra, 35. We agree with the plaintiffs that the Appellate Court erred in finding the zoning regulations unconstitutional.

Zoning regulations enjoy a presumption of constitutionality and the party challenging such regulations has the heavy burden of proving their unconstitutionality beyond a reasonable doubt. *Builders Services Corporation* v. *Planning & Zoning Commission,* 208 Conn. 267, 289–90, 545 A.2d 530 (1988); *Helbig* v. *Zoning Commission,* 185 Conn. 294, 304–305, 440 A.2d 940 (1981); see *Blue Sky Bar, Inc.* v. *Stratford,* supra, 23.[11] In this case, the trial court found the defendant's contention that there was no rational relation for the regulations to be "patently without merit." According to the parties at oral argument, the trial court took evidence on the issue of whether the regulations were supported by a rational basis. The first selectman of Beacon Falls testified at trial about the reasons for the prohibition. In its memorandum of decision, the trial court concluded that "the town properly could have determined that its geographical situation and its resources were such that the presence of a dump or dumps would overtax the abilities of the town to cope with the problems which would arise with respect to a reasonable need to serve some phase of the public health, safety or general welfare constituted in the administration, constant land checks, daily traffic census, supervisory control and the constant legal consultations pertaining thereto."

In finding error in the trial court's conclusion, the Appellate Court declared that "[n]o reasonable expla-

---

[11] The defendant's assertion at oral argument that the town had the burden of proving the regulations to be constitutional, and, moreover, that the regulations, because they are a prohibition, must set forth the rational basis of the prohibition in their terms, is meritless.

nation for the arbitrary prohibition of landfill areas in the town has been given or suggested." *Beacon Falls* v. *Posick,* supra. In finding error on this basis, the Appellate Court misapplied the burden of proof. As stated above, zoning regulations are presumed valid and, because the trial court upheld the regulations, when this case was before the Appellate Court it was the defendant's burden to establish that the trial court had clearly erred in failing to find that the defendant had proven beyond a reasonable doubt that the regulations were unconstitutional.

The Appellate Court, however, was not presented with evidence from which it could determine, as a matter of law, that the trial court had erred in concluding that the defendant did not prove the regulations unconstitutional. There was no transcript of the trial proceedings and the exhibits do not shed light on the question of whether the prohibition is rational. Accordingly, without providing evidence to establish the regulations' unconstitutionality, the defendant could not overcome the presumption in favor of the constitutionality of the zoning regulations and the Appellate Court could not find the trial court's decision to be clearly erroneous. Therefore, the trial referee's finding that the regulation did have a rational basis should not have been disturbed.[12]

In summary, Beacon Falls' zoning regulations prohibiting private dumps were not preempted by the enactment of § 2 of Public Acts 1984, No. 84-331 and the Appellate Court erred in concluding that they were. Additionally, under the circumstances of this appeal, the Appellate Court could not properly reverse the trial referee's decision upholding the validity of those regulations.

---

[12] There also is no evidence before us that would enable us to disturb the trial court's ruling that the regulations were constitutional.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reinstate the judgment of the trial court.

In this opinion the other justices concurred.