[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102)
This is a motion to dismiss filed by the defendant, William Ward, Director of Drug Enforcement Division of the Department of Consumer Protection, contesting the court's jurisdiction in this matter.
The plaintiff's complaint alleges the following facts. Based on an investigation conducted by the defendant, the plaintiff, a licensed pharmacist, was arrested on August 24, 1988, for violations of criminal statutes relating to the maintaining of records and refilling prescriptions. On June 16, 1991, the charges against the plaintiff were dismissed by the court (Pickett, J.).
The plaintiff requested that the defendant erase all records pertaining to the investigation in the agency's possession, pursuant to General Statutes 54-142a. The defendant has refused to erase the records and intends to use them against the plaintiff in proceedings pending before the Department of Consumer Protection.
The plaintiff seeks a declaratory judgment that General Statutes 54-142a requires the defendant to erase and destroy all records of the investigation and an order directing the defendant to do so. CT Page 5327
The defendant moves to dismiss on the ground that the court lacks subject matter jurisdiction because the plaintiff is without standing to maintain this action in that General Statutes 54-142a does not require erasure of the defendant's information or records in this case, and because sovereign immunity bars this action.
"Standing is the legal right to set judicial machinery in motion." Rose v. Freedom of Information Commission, 221 Conn. 217,223, 602 A.2d 1019 (1992).
 "`Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. These two objective are ordinarily held to have been met when a complaint makes a colorable claim of [a] direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a "personal stake in the outcome of the controversy" provides the requisite assurance of "concrete adverseness" and diligent advocacy.'"
(Citations omitted.) Id., 223-24.
The defendant's argument that General Statutes 54-142a
does not require erasure of records held by administrative agencies does not implicate standing but rather addresses the substantive rights of the plaintiff in this matter. Therefore the plaintiff has alleged a "colorable claim of a direct injury that he has suffered or is likely to suffer." Id. Therefore, the plaintiff has standing to maintain this action.
The defendant also argues that sovereign immunity bars this action because the plaintiff did not specifically allege that the defendant acted in excess of his statutory authority.
"[T]he state cannot use sovereign immunity as a defense in an action for declaratory or injunctive relief." Krozzer v. New Haven, 212 Conn. 575, 197 L.Ed.2d 774 (1990). Further this rule applies even where the plaintiff has not affirmatively pled that the actions of the state are in excess of its statutory authority. See Carriage Capital Corporation v. Town of Durham,2 Conn. L.Rptr. 161 (August 2, 1990, O'Connell, J.). Also, the complaint alleges in paragraph 10 that the defendant has refused to erase such records despite his statutory obligation to do so. CT Page 5328 Construing such allegations in a light most favorable to the plaintiff, this constitutes an allegation of exercise of powers in excess of the defendant's authority. Reynolds v. Soffer,183 Conn. 67, 81. Stock v. Cox, 125 Conn. 405, 419. Because the plaintiff is seeking declaratory and injunctive relief only, sovereign immunity does not bar this action.
Accordingly, for the above reasons, the court has subject matter jurisdiction. The defendant's motion to dismiss is denied.
BURNS, JUDGE