[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DECISION
The plaintiff, David Royce, filed a declaratory judgment action; Practice Book 388 et seq.; against the defendants, the Town of Westport, the Westport Planning and Zoning Commission, the Westport Flood and Erosion Control Board, and the Westport Town Engineer, challenging certain Westport zoning regulations governing the construction and alteration of dams. The plaintiff seeks an order from this court declaring these regulations "invalid, and/or unconstitutional, and/or null and void." CT Page 11136
In challenging the constitutionality and legality of zoning regulations, the plaintiff, who appears pro se, bears "the heavy burden of proving their unconstitutionality beyond a reasonable doubt." Beacon Falls v. Posick,212 Conn. 570, 585, 563 A.2d 285 (1989). Moreover, such regulations "enjoy a presumption of constitutionality." Id. The test of illegality is whether the regulation is rationally related to the protection of the public health, safety and general welfare of the community. Id., 583.
Mr. Royce and his wife purchased their property at 387 Main Street in Westport in 1970. It consists of approximately one-half acre and includes a narrow stream known as Willow Brook which runs through the backyard. At that time, a dam was located about five feet from the northerly property lime. [1] The plaintiff proposed to relocate this dam approximately fifty feed downstream and to add four movable 2 x 6 pieces of lumber, fifteen feet in length, referred to as flashboards, to existing dam supports. The original dam would then be eliminated. the defendants have refused to issue a zoning permit for this proposed change.
Plaintiff contends that the Westport Regulations are illegal because control over the construction and modification of dams is within the exclusive jurisdiction of the State Department of Environmental Protection (DEP). General Statutes 22a-401 et seq. Sec. 22a-39-4.3.a. of the Regulations of Connecticut State Agencies indicated that the Commissioner of Environmental Protection shall regulate the construction or modification of any dam "to the exclusion of the local wetlands agencies." [2] DEP reviewed the proposed relocation of the dam in question pursuant to General Statutes 22a-403 and approved it on April 23, 1987. DEP also indicated that the plaintiff did not require a "State water diversion permit or State inland wetlands permit since these considerations were taken into account during the dam safety review."
Because the dam is in a wetlands or flood plain area, the Commissioner of Environmental Protection arguably also has jurisdiction under the Inland Wetlands and Watercourses Act, General Statutes 22a-36 et seq. The Commissioner may delegate his authority under this act to a local board or commission, which in the case of Westport is the Conservation Commission, and such agency "shall serve as the sole agency for the licensing of regulated activities." General Statutes 22a-42(c). However, Sec. 22a-39-4.3.c3 of the DEP Regulations provides that where an application includes a "regulated activity" as defined in Section 4.2, "the Commissioner shall direct the applicant to submit such portion of the application to the appropriate inland wetlands agency." [3]
In 1983 the Conservation Commission approved plaintiff's plan to relocate the dam and add the four flashboards; Permit #IWW 1219-84; CT Page 11137 noting that the new dam would be at the same height (15.86 feet above mean sea level) as the existing dam. This permit did include a requirement that the Town Engineer was to approve relocation and reconstruction of the dam, and the Royce needed all other "required" local, state and federal permits, but without specifying the nature thereof.
The Planning and Zoning Commission of Westport, however, enacted Sec. 31-9 et seq., Flood Plain Regulations, as part of its zoning regulations, which purport to give it authority over the regulation of dams. Subsection 31-9.5.1(h) requires approval of both Westport's Flood and Erosion control Board and the Town Engineer before one may obtain a zoning permit to conduct activities such as the plaintiff's proposed installation of flashboards in his dam. According to the defendant Commission, the stream is considered to be located within the flood plain, and the dam is regarded as a structure ("[T]he proposed project location and design shall be acceptable to the FECB (Flood Erosion Control Board) and the Town Engineer"). The phrase "acceptable" is not defined.
Westport also has a Waterway Protection Lines Ordinance, Sec. 148-1, et seq., Westport Code, enacted pursuant to General Statutes 7-147. The ordinance regulates any construction within a waterway such as Willow Brook, and was discussed in Bottone v. Westport, 209 Conn. 652, 654,553 A.2d 576 (1989). This ordinance also requires that the Town Engineer review a proposal such as the plaintiff's and make a recommendation to the Conservation Commission. however, General Statutes 7-147(b), the enabling statute for this ordinance, states that it does not apply "to any dam . . . extending across any waterway, which (is) otherwise in compliance with law."
When the zoning Enforcement Officer (ZEO) refused to issue the plaintiff a zoning permit because he had not obtained the approval of the Westport Flood and Erosion Control Board and the Town Engineer, David Royce appealed to the Zoning Board of Appeals. The Board sustained the decision of the ZEO, and the plaintiff then appealed to this court in docket CV 89 0272211, an administrative appeal, which is being decided by a memorandum of decision of this same date.
In addition to the administrative appeal, the plaintiff brought this declaratory judgment action. The issue in this case is whether DEP and/or the Westport Conservation Commission have exclusive jurisdiction over dams, or whether the Westport Planning and Zoning Commission and the Town Engineer may also regulate the placement and construction of dams. The defendants contend that General Statutes CT Page 111388-2(a), which provides that zoning regulations shall be designed, among other things, to "secure safety from . . . flood," constitutes its authority for the enactment of subsection 31-9.5.1(h).
This court concludes that either DEP has exclusive jurisdiction over dams, or it shares concurrent jurisdiction with the Westport Conservation Commission. In this particular case, the plaintiff has obtained approval from both the DEP and the Conservation Commission, and he contends, correctly I believe, that these are the only approvals he needs.
Although this court is well aware of the Supreme Court's admonition concerning a finding that a local land use ordinance is illegal, it appears that the attempt by the defendant Planning and Zoning Commission to use Sec. 31-9, the flood Plain Regulation to regulate dams is illegal. Municipal flood and erosion control boards are authorized by General Statutes 25-84 and 25-85 to be involved with those dams that are "useful in preventing or ameliorating damage from floods or erosion" or a dam which forms a lade or pond benefiting abutting owners. The plaintiff's dam does not appear to fit these descriptions. In any event, such a board is not given the authority to review actions of an agency such as a conservation commission. The Town Engineer, according to section C-19-3 of the Westport charter, is described as the "chief technical adviser" regarding the town's "physical plant" but is not given authority to review applications concerning dams.[4] Moreover, the statute,7-147(b), authorizing a waterway protection lines ordinance, does not appear to authorize or permit the defendants to regulate this particular dam.
Accordingly, a declaratory judgment is rendered that section 31-9 of the Westport zoning Regulations is illegal and unenforceable as applied to the plaintiff Royce, since it attempts to exercise jurisdiction over a subject, dams, that is regulated exclusively by other agencies. This decision does not purport to declare illegal or to void either Westport's Flood Plain Regulations in general, or its Waterway Lines Ordinance, but only refers to their applicability to the facts of this case. So Ordered.